**Martin E. RUBIN, Plaintiff,**

v.

**DECISION CONCEPTS INC., Ernest W. Rodrigues, John J. Villafranco and Fanny Farrel, Defendants.**

**No. 81 Civ. 2959 (CMM).**

United States District Court,
S.D. New York.

May 19, 1983.

Seymour Schorr, New York City, for plaintiff.

Ernest Holzberg, New York City, for defendants.

METZNER, District Judge.

In this action the plaintiff, a former employee of defendant Decision Concepts Inc., brings suit under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover benefits allegedly due under a defined contribution pension plan. Defendants contend that the plan was subsequently effectively amended to a profit sharing plan which is the document that should govern whether any recovery is due plaintiff. The individual defendants are the trustees of the plan.

■ The issue as to which plan governs the relationship of the parties is to be tried to the court without a jury, *Pollock v. Castrovinci,* 476 F.Supp. 606, *aff'd without opinion,* 622 F.2d 575 (2d Cir.1980), as I ruled on the opening of the trial.

Plaintiff was employed by Decision Concepts Inc. from September 4, 1973, until he left in July or August 1980. On April 1, 1975, the employer created a defined contribution pension plan for its employees, including plaintiff. This plan required the employee to contribute a certain percentage of his yearly earnings to the fund. There is some dispute as to what constitutes the basis upon which the percentage was to be calculated, but that question need not be resolved at this time.

ERISA provides that material modifications or changes in a plan must be disclosed to participants and filed with the Secretary of Labor. 29 U.S.C. §§ 1021, 1022, 1024. Section 1022 requires the plan administrator to furnish the participant with an understandable summary of the change within 210 days after the end of the plan year in which the change is adopted. § 1024(b)(1)(B). At the same time this "summary plan description" must be filed with the Secretary of Labor. § 1024(a)(1)(C).

Plaintiff claims that the summary plan description filed with the Secretary, of which he received a copy, was deficient in that it failed to state that it was a modification or change of an existing plan. He says that a fair reading of the document leads one to the conclusion that it was an additional plan available to the employees, and that the original plan continued in effect.

The record shows that on January 4, 1979, the Department of Labor received a summary plan description consisting of eleven pages, the first page of which was headed "Table of Contents," followed by ten pages of explanatory material for the employee. This material relates to a profit sharing plan. However, there is no mention in these papers that this profit sharing plan changed or took the place of the plan under which the plaintiff had been making contributions.

Defendant says that it also sent to the Department of Labor with the summary plan description a form of the Equitable Life Assurance Society of the United States referable to the "Noncontributory PROFIT SHARING Plan" which states that it is an amendment and restatement of its existing pension plan and trust with the defendant Decision Concepts Inc. No witness was produced to prove the mailing of this document. Aside from counsel, none of the named defendants appeared on behalf of defendants to contest this lawsuit. This seems quite unusual since the defendants expected a jury trial on all the issues in the case. However, if this document was sent, obviously it would have accompanied the summary. Since the Department of Labor records do not indicate that it was ever received, I find that it was not sent to the Department.

According to the records of the Internal Revenue Service, a "favorable determination" on the employer's application for approval of the profit sharing plan was issued on April 10, 1979. Form 5616 sent by the Internal Revenue Service to the employer in conjunction with this favorable determination has a box which reads, "Date Adopted or Amended," but the words "or Amended" have been stricken. The date "06 27 78" is written in the box.

On this record the plaintiff claims that he never was given notice that the plan under which he had been covered was modified, changed or superseded. The employer claims that even though the summary received by the plaintiff may not have indicated that it was an amendment or superseding plan, plaintiff received notice that such was the fact by virtue of a memorandum dated June 27, 1978. Plaintiff denies receiving this memorandum, but I find that it was received by him.

This memorandum does not comport with the statutory requirement as to the substance of the notice that should be given to an employee. A layman could not be ex-

pected to know the effect the change would have on him.

However, this notice, plus the summary of the plan which the plaintiff admits having received, certainly would give him the information which the law requires.

From April 1978 to over two years later when the plaintiff left his employment, deductions for his pension were not being made by the employer. It is inconceivable that an employee, over such a long period of time, would not have made complaint about the failure to take payroll deductions which he was relying on for his pension contributions. In addition, with only ten employees involved, there must have been some discussion of this change.

I find that under the circumstances, the failure of the employer to have complied fully with the filing requirements with the Secretary of Labor does not give rise to a cause of action in favor of the plaintiff. Plaintiff has failed to cite any authority to the contrary.

With the issue resolved that the profit sharing plan governs the transaction in question, there remains the issue as to the amount of damages, if any, owed the plaintiff.

The case of *Pollock v. Castrovinci,* referred to above, would indicate that this issue should be tried to a jury. However, after the Court of Appeals affirmed *Pollock* without opinion, three Circuit Courts of Appeal reviewed the question in depth and reached the conclusion that a jury trial on this issue is not warranted. *In re Vorpahl,* 695 F.2d 318 (8th Cir.1982); *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); *see also* Note, The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA, 96 Harv.L.Rev. 737 (1983). I am confident that if the matter were to be reviewed again by the Second Circuit Court of Appeals it would hold that there is no right to a jury trial in this case.

The trial of the issue will proceed before this court in Courtroom 2804 on Wednesday, May 25, 1983, at 2 P.M.

So ordered.