**Angelo PALADINO, Plaintiff,**

v.

**TAXICAB INDUSTRY PENSION FUND, Board of Trustees of the Taxicab Industry Pension Fund, Gerald Cunningham, John Greenan, Allen Kaplan, Murray Rosenzweig, Donald Sherman, Theodore Strauel, John V. Toal, Florence Vasey, Charles Bono, Sam Eastman, Ben Goldberg, Harry Mendez, Michael Rosenthal, Patrick Stapleton, Howard Williams and Edward Zarr, Defendants.**

**No. 83 Civ. 5256–CLB.**

United States District Court, S.D. New York.

June 6, 1984.

**38**

Michael Ellenberg, LeBoeuf, Lamb, Leiby & MacRae, New York City, for plaintiff.

Steven Berlin, Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By an order to show cause issued February 28, 1984, heard and fully submitted on March 5, 1984, defendants, on the even of trial, moved to strike the jury demand set forth in the complaint herein. By this action filed July 14, 1983, plaintiff, Angelo Paladino, seeks a declaratory judgment with respect to his rights to receive pension benefits from the Taxicab Industry Pension Fund. Subject matter jurisdiction is founded on ERISA, 29 U.S.C. § 1001, et seq., and more particularly, § 1132(a)(1)(B) thereof. The Court has subject matter jurisdiction under 29 U.S.C. § 1132(e).

Plaintiff alleges that a pension fund was established in the 1966 Collective Bargaining Agreement between the New York City Taxidrivers Union, Local 3036, AFL–CIO, and employers operating New York City Fleet Medallioned Taxicabs, and that as of July 1, 1976, the terms of the pension trust were amended to comply with the statute. Defendants are or were trustees, and have a fiduciary duty to plaintiff. Plaintiff alleges that he was employed from 1950 until May 18, 1978, that during the years 1950–1954 and 1956–1957, 1959–1962, 1966–1967, 1969, 1972–1977, he worked at least 200 days per year, driving a medallioned taxicab for member employers, and should have received sufficient service credits as a result thereof so as to be vested with at least 20 years of service as of July 1, 1973. Because of a subsequent disability incurred May 18, 1978, plaintiff is no longer employed in the industry, and is presently receiving Workmens Compensation benefits and Social Security disability payments.

Plaintiff became age 62 on February 22, 1980, and applied for a pension. The pension was denied by the trustees on February 26, 1980. Plaintiff alleges as his first claim that the trustees were arbitrary and capricious in denying the pension and demands the sums presently due, which he would have received if the pension had been granted. As a second claim, plaintiff alleges a breach of fiduciary duty in connection with his application, and by a third claim pleaded, charges the trustees with intentional or reckless tort and seeks the

customary One Million Dollars in damages for emotional distress.

The trustees, in their answer, in addition to pleading a general denial, assert that plaintiff has not accumulated the 25 service credits as defined in § 1.10 of the Plan, and also has not accumulated at least 15 service credits in order to assert permanent and total disability, as defined by § 2.06 of the Plan. As a fourth affirmative defense the trustees plead that the application is not timely under the Plan.

■ The motion presents the Court with the single legal issue of whether plaintiff is entitled to a jury trial as a matter of right. The Court concludes that he is.

We begin our analysis by agreeing with the defendants that there is no Seventh Amendment right to jury trial in ERISA actions. These actions are essentially equitable in nature. Plaintiff seeks to have the Court review the exercise of fiduciary powers by trustees within the rubric of "arbitrary and capricious," or according to the standard of whether the decision is supported by substantial evidence. The trier of fact in an ERISA enforcement action is not authorized to substitute his, her or its judgment and discretion for that of the trustees. However, beneath this seemingly "equitable" issue, there lurks a simple question: whether plaintiff had a break in his service in the taxicab industry which forfeited his prior service credit. This represents a pure issue of fact and is the sort of question which is particularly appropriate for resolution by a trial jury.

To find that there is no Seventh Amendment right to jury trial does not answer the entire question. Even where there is no constitutional right to a jury trial, a court must examine the statute which created the new right of action, in this case ERISA, to ascertain whether Congress impliedly provided a right to jury trial. The Seventh Amendment does not prevent Congress from providing a right to jury trial where a newly contrived statutory remedy is made available to litigants. See *The Propeller Genesee Chief v. Fitzhugh*, 53 U.S. (12 How.) 443 (1851).

■ This Court believes that on balance it was the intent of Congress that ERISA plan enforcement actions be regarded as legal in nature, and that litigants be entitled to a jury trial. Essentially, the right to a pension may be regarded as arising out of contract. The would be pensioner is a third-party beneficiary of the agreement between his labor union, the employers and the trustees.

Nor is it rational to assume that Congress intended that the right to a jury trial *vel non* should depend on whether immediate benefits are available, as they apparently are in this case, in which event, the lawsuit is an action for a money judgment, or whether a declaratory judgment is sought that benefits will be available at a future time. In the latter action, the would be pensioner wants to adjudicate his rights in advance of entitlement, while the witnesses are available and in order that he may make plans for his future. There is no logical reason to require plaintiff in the latter case to give up his right to a jury simply because no payment is currently due.

We do not write on a clean slate; in *Pollock v. Castrovinci*, 476 F.Supp. 606, 609 (S.D.N.Y.1979), *aff'd without opinion*, 622 F.2d 575 (2d Cir.1980), Judge Goettel of this Court considered the question of whether a beneficiary of a pension trust, suing pursuant to ERISA and alleging a violation of fiduciary duty and diversion of assets by the trustees, could demand a jury trial. In a detailed analysis of the issue, the Court in *Pollock* found that a jury trial was available. The Court held:

"The legislative history of ERISA indicates that section 502 actions should be guided by the caselaw developed under section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. section 185. The Joint Explanatory Statement of the Committee of Conference reads, in relevant part, as follows:

'All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in

similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947.'

H.R.Conf.Rep. No. 93–1280, 93d Cong. It is clear that, under section 301 of the LMRA, an employee who sues for money damages under a collective bargaining agreement is entitled to a jury trial upon request, *Allen v. United Mine Workers of America*, 319 F.2d 594 (6th Cir.1963), and defendants admit that decisions construing section 301 of the LMRA as creating an action in contract for past due benefits under a pension plan are correct. However, defendants claim that Congress' reason in providing remedies in sections 502(a)(1)(B) and 502(a)(3) was merely to provide concurrent jurisdiction for federal and state court claims. Defendants point to section 502(e)(1), as the basis for their argument, which states that the federal courts have exclusive jurisdiction for all actions except those under section 502(a)(1)(B), for which state courts have concurrent jurisdiction. Defendants' reasoning on this point is illogical since section 502(e)(1) states nothing as to actions under section 502(a)(3)."

See also *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 745, 747 (E.D.Mich.1977).

*Pollock* and *Stamps* do not enjoy uniform acceptance throughout the federal judicial system. In *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir.), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1980), the court held that "Congress' silence on the jury right issue reflects an intention that suits for pension benefits by disappointed applicants are equitable." *Id.*, at 829. Thereafter, the Fifth Circuit took the same position in *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980). To the same effect is *In re Vorpahl*, 695 F.2d 318 (8th Cir.1982) (mandamus petition).

Thereafter, in *Ruben v. Decision Concepts, Inc.*, 566 F.Supp. 1057, 1059 (S.D.N.Y.1983), Judge Metzner of this Court held:

"The case of *Pollock v. Castrovinci*, referred to above, would indicate that this issue should be tried to a jury. However, after the Court of Appeals affirmed *Pollock* without opinion, three Circuit Courts of Appeal reviewed the question in depth and reached the conclusion that a jury trial on this issue is not warranted. [Citations omitted]. I am confident that if the matter were to be reviewed again by the Second Circuit Court of Appeals it would hold that there is no right to a jury trial in this case."

The writer does not share Judge Metzner's expressed confidence that "if the matter were to be reviewed again by the Second Circuit Court of Appeals, it would deny the right to a jury trial." We note that neither the decision of Judge Goettel in *Pollock*, nor the later decision of Judge Metzner in *Rubin*, nor the panel opinions in the Fifth, Seventh and Eighth Circuit Court of Appeals, cited above, are binding precedent for this Court. See *Schlanger v. Four-Phase Systems, Inc.*, 582 F.Supp. 128 (S.D.N.Y.1984), and cases therein cited; 1B Moore's Federal Practice ¶ 402[1] and fn. 21.

An oblique statement of the Second Circuit Court of Appeals which does have a binding precedential effect upon this Court if we interpret it correctly, is found in *Haeberle v. Board of Trustees of Buffalo Carpenters*, 624 F.2d 1132 (2d Cir.1980). In *Haeberle* a panel of the Court of Appeals was called upon to ascertain whether the trial court acted correctly in granting a motion for judgment in an ERISA case after both sides had rested in a jury trial, and before submitting the issue to the jury. The district court had done this based upon its holding that plaintiff would not have been entitled to judgment as a matter of law, even if the plaintiff's testimony had been fully credited by the jurors. The court criticized the trial judge, although affirming, stating:

"Although we feel constrained once again to express reservation about the practice of taking a case away from a jury, rather than setting aside an incor-

rect verdict, if necessary, we agree with the district court that the record supports the unassailable conclusion that appellant is not entitled to a pension under any theory, and that the district court therefore correctly ruled that defendant was entitled to judgment as a matter of law." 624 F.2d at 1136 (citations omitted).

This statement may well be regarded as *dictum*, but it is rare for the Court of Appeals in this Circuit to criticize a trial judge, especially when the judgment appealed from is being affirmed. This Court believes that, although *dictum*, the statement in *Haeberle* is well-considered *dictum*, and reflects a view, which this Court shares, that private civil litigation seeking to enforce rights under ERISA should be tried to a jury, where as in this case, disputed issues of fact exist. If the use of the jury in *Haeberle* were surplus, there would be no purpose in stating the criticism.

Implicit in the views of some of the Courts of Appeals which are more hostile to jury trials than is the Second Circuit, is some concept that the jurors may be inclined or tempted to act as almoners rather than as finders of fact, thereby impairing the actuarial soundness of pension plans. There are remedies for this potential peril; *e.g.*, the jury verdict may be taken by means of special interrogatories directed to specific factual findings. Furthermore, the Court has ample power to set aside verdicts not supported by the evidence, and Congress knows how to deny a jury trial when creating a new remedy, if it desires to do so.

In this case trial shall be to a jury. Counsel for each of the respective parties should confer and attempt to agree upon the proposed form of special interrogatories to be submitted to the jury pursuant to Rule 49, F.R.Civ.P. If agreement as to form cannot be reached, each side may submit its own proposals to the Court.

A final pre-trial conference to select a trial date and to resolve the content of the jury interrogatories will be held before me on June 19, 1984 at 9:30 A.M. in Courtroom 705.

So Ordered.