**William E. BROCK, Secretary of the United States Department of Labor, Plaintiff,**

v.

**GROUP LEGAL ADMINISTRATORS, INC., Michael Capurso, Vincent A. DeIorio, Thomas Fitzgibbons, John P. McIntyre, and Allied Services Division Welfare Fund, Defendants.**

**No. 86 Civ. 5402 (DNE).**

United States District Court, S.D. New York.

Jan. 10, 1989.

U.S. Dept. of Labor, Office of the Solicitor, Plan Benefits Sec. Div., Washington, D.C. (Larry D. Newsome, Karen L. Handorf, of counsel), for plaintiff.

Hendler & Murray, New York City (William R. Mait, of counsel), for defendants Thomas Fitzgibbons and John McIntyre.

Law Office of Vincent A. De Iorio, White Plains, N.Y. (Vincent A. De Iorio, of counsel), for defendant Vincent A. De Iorio.

Parcae Legal Administrators, Toronto, Ontario, Canada, Michael Capurso, pro se.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Plaintiff, the Secretary of Labor ("Secretary"), filed the instant complaint against Allied Services Division Welfare Fund ("the Plan" or "Allied"), an employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), its trustees, Thomas Fitzgibbons and John McIntyre ("the Trustees"), Group Legal Administrators ("GLA"), a New York Corporation providing prepaid legal services to the Plan's participants, and Michael Capurso and Vincent A. DeIorio, GLA's officers and shareholders. The complaint seeks injunctive relief against and restitution from the Trustees for violations of their fiduciary duties with respect to the Plan. The Trustees demanded a jury trial of this action and the Secretary has filed a motion to strike the jury demand, which is now before the court.

The Secretary alleges, *inter alia*, that, the Trustees did not adequately investigate GLA prior to entering into a contract with it to provide a prepaid legal services plan to the participants and beneficiaries of the Plan. The Secretary alleges that this constituted a failure to exercise prudence under the circumstances and to act solely in the interests of the participants and beneficiaries of the Plan, in violation of ERISA. The complaint also alleges that the Trustees caused the plan to overpay GLA for its services, and that they failed properly to monitor GLA's operations. Capurso and DeIorio were accused of participating in the Trustees' alleged scheme to breach their fiduciary duties. The Trustees then

cross-claimed against GLA, Capurso, and DeIorio, alleging that the third-party defendants had caused the breaches, if any, by providing false and misleading information to them.

In the absence of a statutory grant of the right to a jury trial, such a right must be inferred from the Seventh Amendment to the Constitution. The Seventh Amendment has been interpreted to accord the right to a jury trial only in those actions involving "rights and remedies of the sort traditionally enforced in an action at law rather than in an action in equity or admiralty." *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed. 2d 198 (1974). The determination of this motion then turns on whether the instant action seek equitable or legal relief.

The Trustees contend that the complaint essentially asserts a breach of contract claim, and therefore they conclude that the Secretary seeks a remedy at law. This is an incorrect view of the claims against the Trustees. The wrongs alleged in the complaint are breaches of the Trustees' fiduciary duties. Moreover, the complaint seeks purely equitable remedies—i.e. injunctive relief and restitution.

There is no doubt in this Circuit that a claim pursuant to ERISA does not give rise to the right to a jury trial. *See Katsaros v. Cody*, 744 F.2d 270, 278–79 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). *Katsaros* was a consolidation of two actions against pension fund trustees, one by the Secretary of Labor and one by a group of fund participants. The case was tried without a jury and the Second Circuit affirmed the judgment, holding that the complaint, which sought removal of the trustees and restitution of the losses caused by breaches of the fiduciary duties of the trustees, sought equitable relief. *See id.* at 278. The Second Circuit also rejected dicta in *Pollock v. Castrovinci*, 476 F.Supp. 606 (S.D.N.Y. 1978), *aff'd mem.*, 622 F.2d 575 (2d Cir. 1980) to the effect that plaintiffs would have the right to a jury trial in an action by participants in a plan to recover monies after reformation of the plan. *See Katsaros, supra*, 744 F.2d at 278–79.

The Trustees' argument relies on *Pollock*, which as noted has been rejected by the Second Circuit, and a later case, *Paladino v. Taxicab Industry Pension Fund*, 588 F.Supp. 37 (S.D.N.Y.1984). The *Paladino* case relies on the reasoning in *Pollock* and was decided before *Katsaros*. There is nothing in *Paladino* that would impel a result different from *Katsaros*. The relief sought in *Paladino* was a claim for benefits pursuant to a pension plan, similar to that in *Pollock*. The court in *Paladino* concluded that plaintiff was entitled to a jury trial because the crux of the case was a factual determination of whether plaintiff had a break in his service in the industry and thereby had forfeited his prior service credit. This court questions, particularly in light of *Katsaros*, whether a case turning on a factual issue or a legal issue is dispositive of the right to a jury trial. The focus of the inquiry must be on the nature of the claims and whether the relief sought is equitable or legal. In light of *Katsaros* and the relief sought in the complaint—an injunction and restitution—it is apparent that the claims and the relief sought are equitable in nature. Accordingly, as to the claims against the Trustees there is no right to a jury trial.

The Trustees also contend that their cross-claims are contract claims and are thus legal in nature. The cross-claims parallel the allegations in the Secretary's complaint against GLA, Capurso, and DeIorio. Moreover, the third-party complaint alleges claims for indemnification if the Secretary obtains a judgment against the Trustees. Indemnification for knowing participation in a fiduciary's breach of trust is within the court's equitable powers under traditional trust law, which ERISA has adopted. *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209 (2d Cir.1987); *Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir.1984) (citing *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629, 641–42 (W.D.Wis.1979)). *Lowen* held that a non-fiduciary who knowingly participates in fiduciary breaches may be held liable under ERISA, basing its holding on the fact that ERISA is based on trust law principles, which are equitable in nature. *Lowen, supra*, 829 F.2d at 1220. It is therefore clear that the cross-claims for

indemnification sound in equity and do not give rise to a right to a jury trial.

In sum, both the Secretary's claims against the Trustees and the Trustees cross-claims for indemnification against GLA, Capurso, and DeIorio are equitable in nature. Accordingly, none of the claims give rise to the right to a jury trial.

## CONCLUSION

Accordingly, the Secretary's motion to strike the Trustees' jury demand is hereby granted.

SO ORDERED.