Harry J. DIDUCK, individually and as a participant in the Local 95 Insurance Trust Fund and the Local 95 Pension Fund, and on behalf of all other persons who are, will be, or have at any time since January 1, 1980 been participants or beneficiaries in the Funds, similarly situated, Plaintiff,

v.

KASZYCKI & SONS CONTRACTORS, INC.; William Kaszycki; John Senyshyn; Trump–Equitable Fifth Avenue Company; Trump Organization, Inc.; Donald J. Trump d/b/a The Trump Organization; the Equitable Life Assurance Society of the United States and the Trustees of the House Wreckers Union Local 95 Insurance Trust Fund and of the House Wreckers Union Local 95 Pension Fund, Defendants.

No. 83 Civ. 6346 (CES).

United States District Court,
S.D. New York.

April 13, 1990.

On Motion to Strike Jury Demand
May 14, 1990.

Hall & Sloan by Wendy Sloan, New York City, for plaintiff.

Mait, Wang & Simmons by Robert Wange, New York City, for defendant Senyshyn.

Shea & Gould by Fran M. Jacobs, New York City, for defendants Trump, et al.

Lambert & Weiss by Kenneth L. Aron, New York City for trustees.

## ORDER

STEWART, District Judge:

In our Memorandum Decision of March 28, 1990 (the "March 28th Decision"), 737 F.Supp. 792 familiarity with which is assumed, we dismissed all causes of action against the Trump defendants alleged in the first amended complaint. However, we allowed plaintiffs to amend the first amended complaint to add the Trump defendants to the sixth cause of action alleging the Trump defendants' participation in defendant John Senyshyn's breach of fiduciary duty.[1] The liability imposed by section 409(a) of ERISA, 29 U.S.C. § 1109(a), is, *inter alia*, for a fiduciary to "make good . . any losses to the plan resulting from each . . . breach [of fiduciary duty]."

By letter, Milton Gould, counsel to the Trump defendants, requests permission to strike the jury demand in plaintiff's second amended complaint, and an adjournment of the trial date to allow the Trump defendants to take discovery with respect to the sixth cause of action.

---

1. The shortened references used in our Memorandum Decision of March 28, 1990 are also used in this Order.

The Second Circuit has stated that jury trials are unavailable under ERISA when equitable relief or restitution is sought from pension fund trustees. *Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.1984). Counsel for plaintiffs, Wendy Sloan, characterizes the relief sought by the sixth cause of action as "damages immediately and unconditionally payable, that would have been paid but for the wrongs complained of." April 12, 1990 Letter of Wendy Sloan. Obviously, the right to a jury trial depends upon how the relief is characterized.

This court has tried to strike a balance between allowing the parties the fullest opportunity to present their arguments and expediting the trial of this action. We are reluctant to grant further adjournments. However, the Trump defendants have raised an important and valid issue, one which we believe deserves a fuller exposition by the parties and consideration by this court. Since permitting the Trump defendants to make their motion to strike will not, we believe, cause a significant delay in the trial date we grant them leave to make their motion to strike the jury demand.

To that end we order that the Trump defendants serve and file their motion by April 23, 1990 to be returnable on May 9, 1990. Any opposition papers are to be served and filed no later than May 2, 1990, with any reply served and filed no later than May 7, 1990. To accommodate this motion we must move back the trial date from April 26, 1990. We will continue to hold our conference scheduled for April 24, 1990 to discuss how this court sees the parameters of the case and fix a new trial date, hopefully not too far off in the future. Finally, although this court has been previously lenient with regard to extensions, we are disinclined to grant any for this motion so that any new trial date is not threatened.

With regard to the Trump defendants' request for more time in which to conduct further discovery, we suggest that in the additional time granted by this Order, they conduct with all due speed any further discovery they deem necessary. At our April 24, 1990 conference we will also take up any further requests for discovery.[2]

SO ORDERED.

## ON MOTION TO STRIKE JURY DEMAND

In our Memorandum Decision of March 28, 1990, 737 F.Supp. 792 we, *inter alia,* dismissed all causes of action against the Trump defendants, the third and fourth causes of action against defendant John Senyshyn, granted plaintiffs' motion to add the Trump defendants to the sixth cause of action alleging their participation in a breach of fiduciary duty imposed upon Senyshyn by section 404 of ERISA, 29 U.S.C. § 1104, and granted plaintiffs' motion to certify a class.[1] As there is only one cause of action left for trial, the breach of fiduciary duty claim, the Trump defendants now move pursuant to Fed.R.Civ.P. 39(a)(2) to strike the jury demand from the second amended complaint.[2]

2. However, while the Trump defendants may proceed with reasonable discovery relating to the sixth cause of action, we take this opportunity to note that we are not persuaded that any relief in this action will not involve a "highly technical actuarial issue." *See* April 11, 1990 *Letter of Milton S. Gould. We have no reason* to believe the loss to the Funds is anything other than the amount of contributions which were due the Funds which it did not receive. Further, we also note that the Trump defendants' assertion that "there was never a need to conduct discovery to determine whether there was a link between Senyshyn and the Trump defendants," is puzzling since the causes of action dismissed by the March 28th Decision involved,

*inter alia,* allegations of conspiracy among Senyshyn, Trump and others.

1. The shortened references used in our Memorandum Decision of March 28, 1990 are also used in this Order.

2. Fed.R.Civ.P. 39(a)(2) reads in relevant part: When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless ... the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

As this action has been the subject of numerous written decisions, the factual background will not be reiterated. Familiarity with all relevant background is assumed.

### Discussion

There is no express statutory right to a jury trial under ERISA and the legislative history provides no indication that Congress intended such a right. *See Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 828–29 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). The Second Circuit has expressly stated that "[t]here is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). Therefore, whether plaintiffs are entitled to a jury trial on the remaining claim depends on a determination of the nature of the action, and more importantly, the nature of the relief requested. *Cf. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, —— U.S. ——, 110 S.Ct. 1339, 1345, 108 L.Ed.2d 519 (1990) (right to jury trial is dependent on analysis of issues and whether nature of relief sought is equitable or legal, the latter determination being most important); *Local No. 391*, —— U.S. at ——, 110 S.Ct. at 1350 (Brennan, J., concurring) (Seventh Amendment questions should be decided on basis of the relief sought); *Tull v. United States*, 481 U.S. 412, 417–421, 107 S.Ct. 1831, 1835–1837, 95 L.Ed.2d 365 (1987) (in analysis of whether statutory action requires jury trial court must examine nature of action and remedy sought with relief sought the "more important" inquiry).

In our Memorandum Decision of March 28, 1990 we held that plaintiff Harry J. Diduck had individual standing to pursue the sixth claim for relief pursuant to section 502(a)(2) of the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2) which allows a plan beneficiary or participant to bring a civil action for appropriate relief under section 409 of ERISA, 29 U.S.C. § 1109.

Section 409 requires that a fiduciary shall be personally liable "to make good ... any losses to the plan resulting from [a breach of the fiduciary's duty], and to restore to to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." Further, section 409 allows the imposition on a fiduciary found to have breached his or her duties "other equitable or remedial relief as the court may deem appropriate." Plaintiffs characterize the relief afforded by section 409 as "damages" whereas the Trump defendants characterize this relief as "restitution." [3]

We begin by noting that the majority view of circuit courts considering the issue have decided that ERISA does not permit jury trials. *See, e.g., Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46–47 (3rd Cir. 1985) (no jury trials under ERISA sections 502(a)(1)(B) and (a)(3)), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1006–7 (4th Cir.1985) (proceedings to determine rights under employer benefit plan are equitable and no trial by jury obtains); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984) (no right to jury trial in ERISA actions), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *In re Vorpahl*, 695 F.2d 318, 322 (8th Cir.1982) (no jury trials under ERISA section 502(a)); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980) (ERISA does not entitle appellant to jury trial); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 830 (7th Cir.1980) (no jury trials under ERISA section 502(a)(1)(B) and (a)(3)), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).[4]

The Second Circuit, in *Katsaros*, while concluding there was no right to a jury

---

3. By letter dated May 8, 1990 counsel for defendant John Senyshyn notified the court that he did not oppose the instant Trump defendants' motion.

4. In a letter to the court dated May 9, 1990 plaintiff relies heavily upon the analysis of the Seventh Circuit in *Jefferson National Bank v. Central National Bank*, 700 F.2d 1143 (7th Cir. 1983). We find this reliance misplaced. First,

trial under ERISA for restitution, left open the question of whether claims under ERISA for recovery of benefits and damages could be tried before a jury. *Katsaros,* 744 F.2d at 278–79.[5]

The majority view of district courts in this circuit, at least with regard to claims for breaches of fiduciary duty, have held that no right to a jury trial exists under ERISA. *See, e.g., Brock v. Group Legal Admr., Inc.,* 702 F.Supp. 475, 476 (S.D.N.Y. 1989); *Gardella v. Mutual Life Ins. Co.,* 707 F.Supp. 627, 628–29 (D.Conn.1988); *Nobile, supra,* 611 F.Supp. at 728.[6] Moreover, the majority view of other district courts construing the provisions of sections 409 and 502(a)(2) have concluded that no right to a jury trial exists under those sections. *See, e.g., Dasler v. E.F. Hutton & Co.,* 694 F.Supp. 624, 627 n. 4 (D.Minn. 1988); *Smith v. ABS Industries, Inc.,* 653 F.Supp. 94, 98–99 (N.D.Ohio 1986); *Bigger v. American Commercial Lines, Inc.,* 652 F.Supp. 123, 128 (W.D.Mo.1986) (no jury trials under ERISA section 502(a)); *Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 431 (E.D.Mo.1984), *aff'd,* 780 F.2d 20 (8th Cir.1985); *Kahnke v. Herter,* 579 F.Supp. 1523, 1528 (D.Minn.1984); *Burud v. Acme Electric Co.,* 591 F.Supp. 238, 248 n. 9 (D.Alaska 1984); *see also Pane v. RCA Corp.,* 868 F.2d 631, 637 (3rd Cir. 1989) (no jury trial under section 502(a)(2)).

We are persuaded by the great weight of authority that no jury trials obtain under sections 409 and 502(a)(2) of ERISA. First, the Supreme Court has stated that the

---

*Jefferson* was a diversity action and not an ERISA action. Thus, the Seventh Circuit's position that no jury trial obtains under ERISA enunciated in *Wardle, supra* is undisturbed. Second, the *Jefferson* opinion relies upon Section 198(1) of the Restatement (Second) of Trusts (1959) (the "Restatement of Trusts" or "Restatement") which states in relevant part the following:

> If a trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment.

The relief demanded in the instant action is not the payment of money to any particular beneficiary but payment into the Funds as a whole. *Cf. Nobile v. Pension Committee of Pension Plan for Employees of New Rochelle Hospital,* 611 F.Supp. 725, 729 (S.D.N.Y.1985) (duty of trustee to pay money "unconditionally" is intended to mean without intervention of equity to determine whether trustee breached fiduciary duty). Indeed, the *Jefferson* court explicitly distinguished such a situation from the reach of Section 198 of the Restatement by asserting that a suit "to compel the trustee to redress a breach of trust by placing a certain amount of money back into the trust corpus" was a "suit in equity." *Jefferson,* 700 F.2d at 1149.

5. However, we find it significant that in *Katsaros,* the Second Circuit cited with approval the decision by Judge Metzner in *Rubin v. Decision Concepts, Inc.* 566 F.Supp. 1057 (S.D.N.Y.1983) which held that a jury trial was not warranted on a claim by a plan beneficiary against the plan trustees seeking to recover benefits. *Katsaros,* 744 F.2d at 278.

6. We note that the persuasive value of other decisions of district courts in this circuit which have found a right to a jury trial in cases of a fiduciary's misconduct has been greatly diminished. For example, in *Paladino v. Taxicab Industry Pension Fund,* 588 F.Supp. 37 (S.D.N.Y. 1984), cited by plaintiffs, the court found a right to a jury trial under, *inter alia,* ERISA's breach of fiduciary duty provisions. In reaching its decision the *Paladino* court was constrained to disagree with the conclusions of the district court in *Rubin v. Decision Concepts, Inc., supra. Paladino,* 588 F.Supp. at 40. However, as indicated earlier in this decision *Rubin* has been subsequently cited with approval by the Second Circuit in *Katsaros. Katsaros,* 744 F.2d at 278.

In *Sixty–Five Security Plan v. Blue Cross and Blue Shield,* 583 F.Supp. 380 (S.D.N.Y.1984), Judge Knapp denied a motion to strike the jury demand since the plaintiff demanded a jury trial for pendent state claims as well as ERISA. Judge Knapp declined to rule whether a jury trial was permitted for claims of fiduciary breach under ERISA since such a ruling was unnecessary given the posture of the action. *Sixty–Five Security Plan,* 583 F.Supp. at 389. However, subsequently in *Nobile, supra,* Judge Knapp ruled that no jury trial is permitted under ERISA for claims of fiduciary breach.

Finally, in *Abbarno v. Carborundum Co.,* 682 F.Supp. 179 (W.D.N.Y.1988), cited by plaintiffs, the court found that jury trials under ERISA were not entirely excluded by the Second Circuit in *Katsaros.* In *Abbarno* the plaintiffs sought damages for non-payment of benefits. The district court reasoned that since *Katsaros* explicitly distinguished a claim for non-payments of benefits from a claim for equitable relief, a jury trial was not precluded under the facts. *Abbarno,* 682 F.Supp. at 181. Even assuming *Abbarno's* reading of *Katsaros* is correct, since there is no claim for non-payment of benefits in the instant action, *Abbarno* is of little persuasive value.

duties of plan trustees are to be examined under the traditional principles of the common law of trusts. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 570, 105 S.Ct. 2833, 2840, 86 L.Ed.2d 447 (1985). Claims for breaches of fiduciary duty have traditionally been characterized as equitable. *See, e.g., Gardella,* 707 F.Supp. at 629 (actions by beneficiary against a trustee under law of trusts have been traditionally viewed as equitable actions); *Nobile,* 611 F.Supp. at 729 (whether or not common law trustee breached fiduciary duty presents a traditionally equitable question); *In re Evangelist,* 760 F.2d 27, 29 (1st Cir. 1985) (actions for breach of fiduciary duty are, historically speaking, actions in equity with no right to jury trial); *cf. Local No. 391,* —— U.S. at ——, 110 S.Ct. at 1346 (actions by trust beneficiaries against trustees for breach of fiduciary duty were historically "within the exclusive jurisdiction of courts of equity"). Therefore, we conclude that the nature of the instant claim is an equitable one. *Cf. In re Gartenberg,* 636 F.2d 16, 18 (2d Cir.1980) (violation of fiduciary obligation by trustee by charging exhorbitant fee is an equitable inquiry), *cert. denied,* 451 U.S. 910, 101 S.Ct. 1979, 68 L.Ed.2d 298 (1981).

Second, we believe the nature of the relief afforded pursuant to section 409 is equitable and not legal. Indeed, the Second Circuit in *Katsaros* affirmed the district court's ruling below that the appellants were not entitled to a jury trial on claims brought pursuant to the relief provisions of section 409. *Katsaros,* 744 F.2d at 279. In so doing, the Second Circuit implicitly has decided that the provisions of section 409 constitute equitable relief.

Black's Law Dictionary 1477 (4th ed. 1968) defines restitution as the "restoration of anything to its rightful owner" or the *"act of making good or giving equivalent for any loss,* damage or injury" (emphasis added). Further, Section 199 of the Restatement of Trusts states that among the "equitable remedies" of a trust beneficiary against a trustee are, *inter alia,* "[enjoining] the trustee from committing a breach of trust" and "[compelling] the trustee to redress a breach of trust."

Section 205 of the Restatement articulates the trustee's exposure for a redress of a breach of trust as: (a) any loss or depreciation in value of the trust estate resulting from the breach of trust; (b) any profit made by the fiduciary through the breach of trust; or (c) any profit which would have accrued to the trust estate if there had been no breach of trust. These equitable remedies as defined by the Restatement are strikingly similar, almost identical in fact, to the remedies enunciated in section 409.

Therefore, in light of Congress' silence on the issue, the persuasive arguments in the overwhelming majority of caselaw and analogies from traditional equitable remedies from the law of trusts, we conclude that the relief afforded by section 409 is equitable in nature and that there is no right to a jury trial for claims pursuant to that section and section 502(a)(2) of ERISA. Accordingly, we grant the Trump defendants' motion to strike the jury demand from the second amended complaint.

### Conclusion

For the reasons articulated above, we grant the motion by the Trump defendants to strike the jury demand from the second amended complaint pursuant to Fed.R. Civ.P. 39(a)(2).

SO ORDERED.