**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, et al., Plaintiffs,**

v.

**MIDLAND STEEL PRODUCTS CO., et al., Defendants.**

No. 1:89CV02138.

United States District Court, N.D. Ohio, E.D.

Aug. 14, 1991.

Betty E. Grdina, Bobulsky, Gervelis & Grdina, Ashtabula, Ohio, for plaintiffs.

Lee Hutton, Cleveland, Ohio, for defendants.

## AMENDED MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL

KRENZLER, District Judge.

The United Auto Workers Local No. 486 and several named individuals ("plaintiffs"), now certified as a class, filed suit against Midland Steel Products Co. and the Lamson & Sessions Co. (hereinafter collectively referred to as "Midland"), in November, 1989 alleging that Midland discharged approximately 290 union employees for the purpose of interfering with the attainment of certain medical and life insurance benefits. Plaintiffs brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, seeking both equitable and legal remedies. Specifically, they seek $10 million in compensatory damages for violations of ERISA, a judgment of $10 million to fund the retirement health insurance coverage, and "other equitable and declaratory relief as this Court may deem appropriate." The plaintiffs requested a trial by jury pursuant to their Seventh Amendment right.

Midland moved to strike the jury demand asserting that there is no right to a jury trial in equitable actions. They further argued that § 502(a)(3), the language of which specifies only equitable remedies, is the exclusive means of enforcing rights guaranteed under ERISA and that the Seventh Amendment does not provide plaintiffs a jury trial for claims arising in equity. This Court, however, finds that the more comprehensive § 502(a) remedy scheme does provide legal remedies in cases such as the one at bar where both legal and equitable issues are presented. As plaintiffs asserting legal claims are entitled to a jury trial, this Court upheld the jury demand in accordance with the terms of the statute and the Seventh Amendment. Accordingly, this Court overruled defendants' motion to strike the jury demand.

■ Now the defendants move that this Court amend that order and certify it for immediate appeal under 28 U.S.C. § 1292(b). The plaintiffs contend that the motion to certify an appeal was not timely pursuant to Federal Rule of Civil Procedure 59(e) which specifies that appeals must be made within 10 days of the Court's judgment. Rule 59(e), however, is not applicable to this case because it refers specifically to judgments that give rise to a right to appeal. If this Court's order denying defendants' motion to strike the jury demand gave rise to an appeal, the defendants would not need to seek to certify an interlocutory appeal in this Court. Interlocutory appeals are properly regulated by Federal Rule of Appellate Procedure 5(a) which states that "an order may be amended to include the prescribed statement [stipulated by 28 U.S.C. § 1292(b) ] at any time, and permission to appeal may be sought within ten days after entry of the order as amended." Under this rule, this Court has the authority to amend its order and certify it for appeal at any point in time.

■ Interlocutory appeals may be granted when there is substantial ground for differing opinions regarding a controlling issue of law and when an immediate appeal from the order would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Applications for

interlocutory appeals should not stay proceedings in the federal court unless a federal district or circuit judge so orders. 28 U.S.C. § 1292(b). Section 1292(b) was enacted so that appeals from interlocutory orders could be obtained in the exceptional circumstance where it is necessary to avoid unnecessary delay and expense. Accordingly, the Sixth Circuit has held that certification under § 1292(b) is to be "sparingly applied." *Kraus v. Board of Road Commissions,* 364 F.2d 919, 922 (6th Cir.1966).

■ The defendants argue that granting immediate leave to appeal would save the parties the expense of an additional trial. The Supreme Court, however, has "declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order." *Lauro Lines SRL v. Chasser,* 490 U.S. 495, 499, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). In fact, in an earlier decision, the Supreme Court noted that forbidding interlocutory appeals "achieves significant savings in time and resources on the part of the litigants." *Radio Station WOW, Inc. v. Johnson,* 326 U.S. 120, 123–124, 65 S.Ct. 1475, 1477–1478, 89 L.Ed. 2092 (1945).

When this motion is considered in its entirety, it is clear that both efficiency and expense are better served by allowing the trial to proceed with a jury. While the issue of whether a trial by jury is available under § 502(a) of ERISA is one of first impression in this Circuit, there is substantial authority indicating that this Court's decision allowing a trial by jury is consistent with the intentions of Congress and with the holdings of the Supreme Court.

This action has already consumed a considerable amount of time, discovery has been completed, and this case is now ready for trial; permitting an interlocutory appeal would only serve to further delay the resolution of this litigation. Interlocutory appeals should not be used when it serves only to unnecessarily prolong litigation and to inconvenience the opposing party. Accordingly, this Court denies the defendants' motion to certify an appeal pursuant to 28 U.S.C. § 1292(b) and issues the following opinion supporting the right to a trial by jury under ERISA.

■ There are two primary steps involved in determining whether a party is entitled to a trial by jury. The first step looks to the statute to determine whether the right to jury is expressly or implicitly available. *Curtis v. Loether,* 415 U.S. 189, 192, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974), citing *United States v. Thirty–Seven Photographs,* 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). If the statute is unavailing, then the court must determine whether the Seventh Amendment guarantees such a right. *Id.*

ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. *Shaw v. Delta, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). As part of this closely integrated regulatory system, Congress included various safeguards "to completely secure the rights and expectations brought into being by this landmark reform legislation." S.Rep. No. 93–127, P. 36 (1973).

ERISA § 510, the relevant section to this litigation, provides in pertinent part as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title or the Welfare and Pension Plans Disclosure Act *or for the purpose of interfering with the attainment of any right to which such participant may become entitled under this plan....*

29 U.S.C. § 1140. Section 510 is enforced through the provisions of § 502(a) which state that:

> A civil action may be brought—
>
> (1) by a participant or beneficiary ... (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify

his rights to future benefits under the terms of the plan ...

\* \* \* \* \* \*

(3) by a participant ... (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan ...

29 U.S.C. § 1132(a)(1)(B) and (a)(3). This Court is charged with determining whether the cited statutory language provides for legal remedies.

Several other federal courts have found an implied statutory right to a trial by jury in ERISA cases.[1] This Court joins with them in the assertion that jury trials are not precluded by the language of the statute. While § 502(a)(3) cites equitable remedies specifically, it does not render all § 510 actions under ERISA equitable in nature. Indeed many § 510 actions, including the one before this Court, are analogous to contractual issues and are, therefore, legal in nature. In addition, § 502(a)(1)(B), an integral part of the comprehensive § 502(a) remedy scheme, opens the door further for legal remedies under ERISA.

This Court finds that this reading of the statute is consistent with Congressional intent. The ERISA Conference Report states that actions under § 502(a)(1)(B) are to be regarded "in a similar fashion to those brought under Section 301 of the LMRA," where a right to jury trial has been upheld. *See Teamsters Local 391 v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). In *Terry*, the Supreme Court held that there was a right to a jury trial in a Section 301 suit for breach of duty of fair representation as it was analogous to a claim for breach of contract. *Id.*, 110 S.Ct. at 1345. As a result, the plaintiff was able to pursue compensatory damages in the form of backpay resulting from the wrong done to the individual employee. As Congress intended actions under § 502(a)(1)(B) to be analogous to § 301 actions, this Court holds that Congress intended to provide § 510 plaintiffs with the option of legal remedies as well as the right to trial by jury.

While the Supreme Court's ruling in *Terry* only suggested by analogy that legal remedies may be available under ERISA, the Supreme Court's more recent holdings confirm the availability of such remedies and, consequently, the entitlement to a jury trial. This new trend is summarized by our sister court's opinion in *Vicinanzo v. Brunschwig & Fils Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990):

> Taken together, the Supreme Court's recent cases suggest that statutory causes of action giving rise to individual claims for money damages are rarely, if ever, beyond the reach of the seventh amendment. If the Bankruptcy Code cannot be regarded as an inherently non-jury statute, it makes little sense to assume that ERISA involves exclusively equitable claims. ... [W]e reject the notion that ERISA is intrinsically equitable or that its purposes would be frustrated by the advent of jury trials.

The Supreme Court's holding in *Ingersoll–Rand v. McClendon*, 498 U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), confirms the *Vicinanzo* court's interpretation and conclusively establishes the availability of legal remedies under ERISA. In *Ingersoll–Rand*, a Texas employee brought a wrongful discharge action against his previous employer, who allegedly fired him to avoid allowing his pension fund to vest. *Id.* Because McClendon sought compensatory, mental anguish, and punitive damages, the Texas Supreme Court held that

---

1. *See Vicinanzo v. Brunschwig & Fils Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990) (found that factual questions arising in connection with contractually defined rights lie at the heart of the action and are therefore particularly appropriate for determination by a jury), *Paladino v. Taxicab Industry Pension Fund*, 588 F.Supp. 37 (S.D.N.Y.1984) (found that "beneath this seemingly equitable issue, there lurks a simple question ... of fact ... appropriate for resolution by a jury trial"), *Rhodes v. Piggly Wiggly Alabama Distributing Co.*, 741 F.Supp. 1542 (N.D.Ala. 1990) (found that the absence of a jury imperative in ERISA indicates a "conscious recognition by Congress" of the Seventh Amendment imperative).

the action was not pre-empted by ERISA because the plaintiff was not seeking lost pension benefits and because the state had a vested interest in protecting employee rights.

On appeal, the Supreme Court reversed and held that the state action was pre-empted by § 514(a) of ERISA and that "Congress intended § 502(a) to be the exclusive remedy for rights guaranteed under ERISA, including those provided by § 510." *Id.* at ——, 111 S.Ct. at 486. In addition the Court held that "there is no basis in § 502(a)'s language for limiting ERISA actions to only those seeking pension benefits" when "[i]t is clear that the relief requested here [compensatory, punitive, and mental anguish] is well within the power of federal courts to provide." *Id.*

The defendants urge this Court to find that the Supreme Court intended § 502(a)(3) to be the exclusive remedy in § 510 actions as only that portion of § 502(a) is cited by the Court. Given the recognition of legal remedies under ERISA by the Supreme Court, this Court finds no authority indicating why § 502(a)(1)(B), which allows for legal remedies, should be omitted from the reading of § 502(a), of which it is inextricably a part. The mere fact that the Supreme Court did not cite the text of § 502(a)(1)(B) should not write its existence out of enforceability. In addition, the Supreme Court was prompted to address the pre-emptive force of ERISA as a result of the confusion between state and federal courts, the court would not issue an opinion that would result in further disputes regarding ERISA. If it intended for § 502(a)(3) to be the exclusive enforcement provision, and if it read § 502(a)(3) to be entirely equitable, it would have explicitly said so, and ruled accordingly.

While the Supreme Court did not address the issue of jury trials per se, their decision in *Ingersoll–Rand* indubitably quashes the argument that actions under ERISA are strictly equitable. As the Supreme Court now recognizes that legal issues and remedies may arise under ERISA, they must also recognize the constitutional right to a jury trial for such legal claims. This clear message of the Court's intent has prompted lower courts to uphold the right to a jury in § 510 actions.

A district court in Alabama, initially granting a motion to strike jury demand, reconsidered its order *sua sponte* in response to the Court's ruling in *Ingersoll–Rand* and found that ERISA plan beneficiaries are now entitled to a jury trial. *Blue Cross and Blue Shield of Alabama v. Lewis,* 753 F.Supp. 345 (N.D.Ala.1990). In its opinion, the court found that "[a]ccording to *Ingersoll–Rand,* a court … in an ERISA case, may as an ERISA remedy, award extra-contractual, even punitive, damages, that is, if the facts call for such a remedy." *Id.* at 347. Accordingly, the court concluded that "it is impossible for this court to ignore this new direction clearly pointed out by the Supreme Court. The decision in *Ingersoll–Rand* requires this court … to reinstate this case to the jury trial docket." *Id.* at 348. Similarly, this Court cannot deny the plaintiffs their right to a jury trial under the terms of ERISA.

The entitlement to a jury trial in the instant case is also in keeping with the Seventh Amendment mandate. The Seventh Amendment of the United States Constitution states that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The fact that the right of recovery was created by statute rather than the common law does not affect the Seventh Amendment guarantee so long as "the action involves rights and remedies typically enforced in an action at law." *Curtis,* 415 U.S. 189, 195, 94 S.Ct. 1005, 1009. All suits that are not of equity or admiralty jurisdiction are, therefore, entitled to a trial by jury as a matter of right under the Seventh Amendment. *Id.* at 193, 94 S.Ct. at 1007–08; *Ross v. Bernhard,* 396 U.S. 531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729 (1970).

The Sixth Circuit has held that the "propriety of jury trials in cases presenting such mixed questions as law and equity is determined by the nature of the issue to be tried." *Morelock v. NCR Corp.,* 546 F.2d 682 (6th Cir.1976). The court is able to

determine the nature of an issue by looking first to the premerger custom, then to the remedy that is sought, and finally to the practical abilities and limitations of the jury. *Ross,* 396 U.S. at 538, 90 S.Ct. at 738. This Circuit has stated that following *Curtis,* "the primary focus in this circuit in analyzing the nature of an issue for Seventh Amendment purposes is on the second consideration set forth in *Ross,* the type of relief requested." *Hildebrand v. Board of Trustees of Michigan State University,* 607 F.2d 705, 708 (6th Cir.1979), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982). This is consistent with the Supreme Court's 1990 ruling in *Terry,* where the Court said that the distinction between a case brought in law and one brought in equity is made by examining the remedy sought and determining whether it is legal or equitable. *Terry,* 494 U.S. at ——, 110 S.Ct. at 1345 citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

Consequently, if the remedy sought is entirely equitable, there is no right to trial by jury. *See e.g., Harris v. Richards Mfg. Co.,* 675 F.2d 811, 815 (6th Cir.1982). When a party comes before the court, however, seeking punitive or compensatory damages, remedies at law, they are entitled under the Seventh Amendment to a trial by jury. *See e.g., Moore v. Sun Oil Co.,* 636 F.2d 154, 156 (6th Cir.1980). As the plaintiffs in the case at bar seek compensatory damages, it is appropriate that this Court preserve their constitutional right to trial by jury. *See Hildebrand,* 607 F.2d at 707.

This action involves determining whether the plaintiffs were wrongfully discharged and whether the defendants' actual motivation in firing 290 employees was to interfere with the plaintiffs' attainment of certain health and life insurance benefits. The rights involved flow from a collective bargaining agreement and are, therefore, contractual in nature. Factual questions arising under the terms of a contract are best answered by a jury. In addition, the determination of liability and the calculation of legal damages are well within the average abilities of jurors.

In conclusion, we hold that the right to a jury trial for legal claims is fundamental to American jurisprudence, and that any proposed denial of such a right must be strictly scrutinized. Accordingly, this Court declined to strike plaintiffs' jury demand on both statutory and constitutional grounds.

