The STATE OF NEW YORK and Thomas C. Jorling, as Trustee of the Natural Resources, Plaintiffs,

v.

LASHINS ARCADE CO., Lashins Arcade Corp., Rocco Tripodi, Bedford Village Cleaners, Inc., and Rocco Astrologo, Defendants.

No. 92 Civ. 8771 (CLB).

United States District Court, S.D. New York.

May 19, 1995.

Robert Hernan, New York State Dept. of Law, New York City and Louis Oliva, New York State Dept. of Environmental Conservations, Tarrytown, NY, for plaintiffs.

William D. Spain, Spain & Spain, Mahopac, NY, for defendant Rocco Astrologo.

### MEMORANDUM AND ORDER

BRIEANT, District Judge.

In a Memorandum and Order dated March 20, 1995, this Court concluded there exists a statutory and Constitutional right to a jury trial in an action brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act (hereinafter "CERCLA"), 42 U.S.C. § 9607, and therefore denied Plaintiffs' motion to strike the jury demand of Defendant Rocco Astrologo (hereinafter referred to as "the March 20th Order"). Familiarity with this decision and the underlying facts stated therein is assumed. *See* 881 F.Supp. 101 (S.D.N.Y.). Plaintiffs now move for reargument on the grounds they withdrew the claim for natural resource damages under 42 U.S.C. § 9607(a)(4)(C).

The Court concludes that withdrawal of the natural resource damages claim does not deprive Defendant Astrologo of the right to a jury trial. As explained in the March 20th Order, the claims raised in this case are essentially torts, because a defense to liability is established if a defendant proves "by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by . . . an act or omission of a third party other than an em-

ployee or agent of the defendant." 42 U.S.C. § 9607(b)(3). A defendant may escape liability for money damages "if it either succeeds in proving that its [actions] did not contribute to the release and the clean-up costs that followed, or contributed at most to only a divisible portion of the harm." *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 722 (2d Cir.1993). These factual determinations are similar to the issue of causation in an action for tort. Expenses and costs incurred by tort victims customarily are recoverable as money damages. This money damage issue involves matters "particularly appropriate for resolution by a trial jury." *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882, 886 (S.D.N.Y.1990) (quoting *Paladino v. Taxicab Industry Pension Fund*, 588 F.Supp. 37, 39 (S.D.N.Y.1984)).

It exalts form over substance to contend, as Plaintiffs do, that this case involves only the equitable issue of "restitution" because Plaintiffs seek to recover money as the costs of investigating and remediating the contaminated site. Here, the claim is, at least to some degree, "legal" in nature, and the relief sought is money from an individual who is, in reality, no more than a tortfeasor.

■ The right to a jury trial under the Seventh Amendment is not lost when legal and equitable issues are mixed or where legal issues are only incidental to equitable issues. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470, 82 S.Ct. 894, 896, 8 L.Ed.2d 44 (1962). "[L]egal claims are not magically converted into equitable issues by their presentation to a court of equity." *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970).

On reargument, the Court adheres to its prior ruling.

SO ORDERED.