Robert **QUESINBERRY, individually and as the Administrator of the Estate of Karen S. Quesinberry, deceased, Plaintiff,**

v.

**INDIVIDUAL BANKING GROUP ACCIDENT INSURANCE PLAN and Life Insurance Company of North America, Defendants.**

Civ. A. No. 86–0250(R).

United States District Court,
W.D. Virginia,
Roanoke Division.

May 24, 1990.

T. Daniel Frith, III and G. Marshall Mundy, Roanoke, Va., for plaintiff.

Tyler P. Brown, David F. Peters and Benjamin C. Ackerly, Hunton & Williams, Richmond, Va., and Richard C. Rakes, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendants.

MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff filed this amended complaint under the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 *et seq.*), having previously pursued

his administrative appeals. Plaintiff's decedent, Karen S. Quesinberry, obtained personal accident insurance through her employer, Citicorp Acceptance Corporation. Mrs. Quesinberry was admitted to Roanoke Memorial Hospital on June 16, 1983. Following the administration of certain medications, Ms. Quesinberry suffered cardiac arrest and died.

In accordance with the terms of the policy, plaintiff, the named beneficiary, gave notice of his claim for benefits and filed his proof of loss with defendants. Plaintiff's request for benefits was denied by defendant INA on the ground that Ms. Quesinberry's death was not accidental within the terms of the policy.

Plaintiff then filed this action, seeking benefits under the policy. Plaintiff argues that Ms. Quesinberry's death was accidental under the definition contemplated by the policy, while defendants maintain that her death was not accidental.

## THE APPROPRIATE STANDARD OF REVIEW

■ The first issue before the Court at this time is what standard of review to apply to the fiduciary's decision that Ms. Quesinberry's death was not accidental. The parties are in agreement that the decision in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), is controlling here. In that case, the Supreme Court held that in cases challenging a denial of benefits under 29 U.S.C. § 1132(a)(1)(B), federal district courts are to apply a *de novo* standard of review. This standard replaces the arbitrary and capricious standard of review that was previously applied. The *de novo* standard is to be applied unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone,* 109 S.Ct. at 948. Neither party contends that the benefit plan involved here gives the administrator discretionary authority to determine benefit eligibility or to construe the plan terms. Accordingly, the standard of review in this Court will be *de novo.*

The parties differ, however, as to precisely what *de novo* review encompasses. Plaintiff contends that *de novo* review means, in effect a new trial at which he would be permitted to put on evidence, including evidence that was not presented to the plan fiduciary. Defendants, in contrast, argue that *de novo* review simply means that the Court would examine the evidence presented the fiduciary and make its decision based solely on that evidence, giving no deference to the decision of the fiduciary.

The Court is of the opinion that in this instance, the *de novo* standard of review requires that plaintiff be permitted to put on all its admissible evidence, including evidence that was not presented to the plan fiduciary. The Supreme Court's decision in *Firestone, supra,* relied heavily on the principles of trust law. The Court stated that trust principles make a deferential standard of review appropriate only when a trustee exercises discretionary powers. The Court found that deference was not appropriate when the beneficiary plan grants no discretionary powers to the fiduciary. *Firestone,* 109 S.Ct. at 954–55. Thus, the Supreme Court was of the opinion that when neither the benefit plan itself, nor a trust document, provided the fiduciary with discretionary powers, a court reviewing the fiduciary's decision should not grant it deference.

This Court is of the opinion that the reasoning in *Firestone* leads to the conclusion that the *de novo* review standard mandated requires the Court to permit plaintiff to put forth evidence which was not put before the plan fiduciary. In *Firestone,* the Court stated that "ERISA was enacted to promote the interests of employees and their beneficiaries in employee health benefit plans ... and to protect contractually defined benefits." 109 S.Ct. at 955. The Court further stated that to apply a narrow standard of review would affirmatively frustrate these objectives by affording less protection to employees and their beneficiaries than they enjoyed before the enactment of ERISA. *Id.* at 956. From this reasoning, it follows that ERISA's objec-

tives will best be furthered by permitting plaintiff to introduce evidence beyond that which was submitted to the fiduciary. Such a standard will best promote the interests of employees and their beneficiaries in employee benefit plans by providing them with as much protection as they enjoyed before the enactment of ERISA. Such a standard will also ensure that the Court has as full a record as possible before it when it makes its decision.

In support of its contention that the *de novo* review must be based solely on the evidence put forth before the fiduciary, defendant makes three arguments. First, defendant argues that what the Court mandated in *Firestone* was a *de novo* review, as opposed to a trial *de novo*. Defendant argues that these two concepts are distinct, with a review *de novo* being merely a review of the existing record with no deference being given to the previous decision, and a trial *de novo* being an entirely new proceeding.

The Court is of the opinion that in this instance, as in other substantive areas of the law, the concepts of *de novo* review and trial *de novo* are identical. Plaintiff has cited authorities which hold that in the area of administrative law, no distinction exists between a trial *de novo* and a review *de novo*. Similarly, in this case, no distinction can be made between the two concepts. Permitting plaintiff to put on additional evidence is necessary in order to ensure that this Court has a complete record before it upon which to base its decision.

Defendant's second argument is that to allow plaintiff to put forth new evidence at this stage of the proceeding was not envisioned under ERISA. To do so, defendant argues, would go against the ERISA's scheme to provide for a quick and inexpensive solution to disputes. The Court is of the opinion that this point is not well-taken. In *Firestone,* the fiduciary argued that imposing a *de novo* standard would contravene the spirit of ERISA by imposing higher administrative and litigation costs. The Court held, however, that the threat of increased litigation was not suffi-cient to outweigh the reasons favoring a *de novo* review. Similarly, this Court finds that the possible increased costs of permitting plaintiff to introduce new evidence do not outweigh the factors which argue in favor of this. As stated in *Firestone,* if the parties find such a procedure to be too costly, nothing forbids them from agreeing to a narrower standard of review. However, in the absence of such an agreement, the need to ensure impartial decisionmaking requires the Court to permit plaintiff to introduce new evidence.

Defendant's final argument in favor of its standard is that such a standard in mandated by the decision in *de Nobel v. Vitro Corp.,* 885 F.2d 1180 (4th Cir.1989). In *de Nobel,* the district court, acting before the decision in *Firestone* issued, reviewed a trustee's decision under the arbitrary and capricious standard. The United States Court of Appeals for the Fourth Circuit noted that the arbitrary and capricious standard was no longer the correct one, but held that the record below was sufficiently developed to permit it to undertake review under the appropriate standard. Defendant argues that this decision indicates that the review *de novo* should be based upon the evidence as presented to the fiduciary.

Despite defendant's contention, the Court is of the opinion that *de Nobel* is not on point. In *de Nobel* the Court of Appeals found that the plan in issue there gave the fiduciary discretion to pass on the issue in question. *Id.* at 1186. The Court held that in such a situation, it would disturb the fiduciary's decision only upon a showing of procedural or substantive abuse. As has been previously noted, nothing in the plan under consideration here gives the fiduciary discretion. Therefore, the standard to be applied here is *de novo* review, and not merely whether there was a procedural or substantive abuse. Thus, while the Court of Appeals held that the record below was sufficiently developed to permit it to review it for procedural or substantive abuse, it is not clear whether the Court would have been prepared to undertake a *de novo* review based upon the record below. There-

fore, the Court holds that the decision in *de Nobel* is not controlling here.

## IS PLAINTIFF ENTITLED TO A TRIAL BY JURY

 Plaintiff has moved the Court to order a jury trial in this action. Defendant opposes this motion, and has cited cases holding that it is error to submit an action arising under ERISA to a jury. Plaintiff acknowledges that the weight of authority prohibits a jury trial. Plaintiff argues, however, that the decision in *Firestone* and its change in the standard of review from arbitrary and capricious to *de novo* changes the analysis of the issue and calls into question whether cases decided before *Firestone* remain good law. In support of its decision, plaintiff cites cases decided by state courts in North Carolina and New York that have permitted jury trials in ERISA actions.

In *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003 (4th Cir.1985), the United States Court of Appeals for the Fourth Circuit joined several sister Courts of Appeals in holding that it was inappropriate to submit to a jury a question arising under ERISA. As plaintiff correctly points out, one reason given by the Court in support of its decision was the then-prevailing arbitrary and capricious standard and the difficulty jurors would have in understanding and applying such a standard. *Berry*, 761 F.2d at 1006–07. And, if this had been the only reason given by the Court, the validity of its decision in the light of the *Firestone* decision might be called into question. However, the Court in *Berry* also cited the common law of trusts as support for its decision, stating that "[c]ourts addressing this issue have almost uniformly held that under the common law of trusts proceedings to determine rights under employee benefit plans are equitable in nature, and thus a matter for a judge, not a jury." *Id.* at 1007. Thus, the Court of Appeals rested its decision not merely on the arbitrary and capricious standard, but also on the common law of trusts and the finding that actions under ERISA are equitable in nature. In light of this, the Court is of the opinion that *Berry* remains good law and is

binding precedent in this Circuit, even in light of the decision in *Firestone*. Therefore, the Court is required to deny plaintiff's motion for a jury trial.

## SUMMARY

For the foregoing reasons, the Court holds that, should this action proceed to trial, plaintiff will be permitted to introduce evidence beyond that which was submitted to the plan fiduciary. The Court further holds that plaintiff's motion for a jury trial must be denied. An appropriate Order to this effect shall be entered this day.