**Bradford HULCHER, Plaintiff,**

v.

**UNITED BEHAVIORAL SYSTEMS, INC. and Blue Cross and Blue Shield of Virginia, Defendants.**

**Civil No. 3:95CV46.**

United States District Court, E.D. Virginia, Richmond Division.

Feb. 21, 1995.

Mark Edward Rubin, Sarah Jane Chittom, Shuford, Rubin & Gibney, Richmond, VA, for plaintiff.

Barbara Pope Flannagan, Laura Graham Fox, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for United Behavioral Systems, Inc.

Jeanette Dian Rogers, Amy Tredway Holt, Blue Cross and Blue Shield of Virginia, Legal Department, Richmond, VA, for Blue Cross Blue Shield of Virginia.

Jennings Grey Ritter, II, John Edward Holleran, Hunton & Williams, Richmond, VA, for Crestar Bank.

1. This Court consolidated the actions on January 30, 1995.

2. Plaintiff seems to concede, and correctly so, that this Court has removal jurisdiction on the

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Defendants' motion to strike Plaintiff's request for a jury trial. For the reasons which follow, the Court will deny the motion.

### I.

Plaintiff, an alleged beneficiary of a health insurance plan funded by her husband's employer, sought treatment for depression at an institution which was considered a "non-network provider." Plaintiff avers that the subject plan was obligated to provide benefits up to 50% of the cost of care provided by non-network providers. According to Plaintiff, Defendants "breached their contract of insurance by refusing to pay any part of the costs incurred by the plaintiff." Motion for Judgment ¶ 8. Consequently, Plaintiff filed suit against Defendants in the Circuit Court for the County of Henrico on December 20, 1994, seeking $11,000.00 plus attorneys fees and costs.

On January 17, 1995, Defendants filed separate notices of removal with the Clerk of this Court on the basis that the motion for judgment stated a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1] Plaintiff subsequently filed a Demand for Jury Trial on January 27, 1995, and Defendants moved to strike the jury demand. To date, Plaintiff has yet to amend the complaint to state a cause of action under ERISA. While the Court could merely take the instant matter under advisement pending the submission of an amended complaint, the Court, in the interest of judicial economy, will address Defendant's motion to strike on the assumption that Plaintiff, within ten days of the date of this Memorandum and accompanying Order, will file an amended complaint stating a cause of action under ERISA.[2]

### II.

Plaintiff demands a trial by jury. In so doing, he argues that the suit involves a *legal*

basis of ERISA preemption. To begin, this action plainly "relates to" an ERISA plan and, thus, falls within ERISA's preemption provision. *See* 29 U.S.C. § 1144(a). Moreover, Plaintiff, as

claim in that the complaint sets forth a breach of contract action seeking monetary damages. On this basis, Plaintiff contends that the action should properly be tried before a jury.

## A. General principles

ERISA does not expressly provide for a right to a jury trial. Indeed, the majority view is that jury trials are not permitted under ERISA on the general premise that any determinations related thereto are inherently equitable. *See e.g., Turner v. CF & I Steel Corp.,* 770 F.2d 43 (3d Cir.), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Spinelli v. Gaughan,* 12 F.3d 853, 857–58 (9th Cir.1993); *Borst v. Chevron Corp.,* 36 F.3d 1308 (5th Cir.1994). Notwithstanding this general principle, there has been a developing trend in cases brought under ERISA § 1132(a)(1)(B) to permit a trial by jury. *See e.g., Vaughn v. Owen Steel Co., Inc.,* 871 F.Supp. 247, 1994 WL 711838 (D.S.C.1994); *Dawes v. First Unum Life Ins. Co.,* 851 F.Supp. 118 (S.D.N.Y.1994); *Sullivan v. LTV Aerospace & Defense Co.,* 850 F.Supp. 202 (W.D.N.Y.1994); *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of America v. Midland Steel Prod. Co.,* 771 F.Supp. 860, 863–65 (N.D.Ohio 1991); *Rhodes v. Piggly Wiggly Alabama Dist. Co., Inc.,* 741 F.Supp. 1542 (N.D.Ala. 1990); *Steeples v. Time Insurance Co.,* 139 F.R.D. 688 (N.D.Olka.1991); *McDonald v.*

*Artcraft Electric Supply Co.,* 774 F.Supp. 29 (D.D.C.1991); *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 882, 885 (S.D.N.Y. 1990); *Gangitano v. NN Investors Life Ins. Co.,* 733 F.Supp. 342 (S.D.Fla.1990). *But see Blake v. Unionmutual Stock Life Ins. Co. of America,* 906 F.2d 1525 (11th Cir.1990) (no jury trial); *Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir.1990) (same); *In re Vorpahl,* 695 F.2d 318 (8th Cir.1982) (same); *Quesinberry v. Individual Banking Group Accident Ins. Plan,* 737 F.Supp. 38 (W.D.Va. 1990), *aff'd,* 987 F.2d 1017 (4th Cir.1993) (no jury trial).[3] The rationale underlying the cases which have permitted a jury trial is that suits by individual beneficiaries to recover benefits under an ERISA plan sound in contract and are, thus, legal in nature, rather than equitable.

Defendants rely on *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003 (4th Cir.1985), for the general proposition that jury trials are never permitted when a claim raises issues regarding rights under an ERISA plan.[4] In *Berry,* an individual beneficiary brought suit to challenge the plan trustee's decision to terminate long-term disability benefits. The Fourth Circuit concluded that the district court erred in permitting trial by jury. The court based this holding on the principle that the "arbitrary and capricious" standard of review must be applied to a denial of benefits, and that the application of this standard is "a matter for the court" because the "significance of the standard, while second-nature to a judge, is not readily communicated to ju-

an alleged beneficiary seeking to recover benefits due under the plan, may only bring an action under ERISA's exclusive civil enforcement provisions. *See. id.* § 1132(a)(1)(B). Accordingly, Plaintiff's cause of action is completely preempted by ERISA, and removal jurisdiction is proper. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia,* 867 F.Supp. 398 (E.D.Va.1994); *Richmond v. American Systems Corp.,* 792 F.Supp. 449, 453, 455 (E.D.Va.1992). Because Plaintiff's state law claim sounding in contract is preempted, he must amend his complaint to state a claim for relief under ERISA.

3. However, the right to trial by jury was neither raised nor considered on appeal. *See* 987 F.2d at 1019–20.

4. The Fourth Circuit implicitly affirmed the principle that jury trials are generally not permitted under ERISA in *Biggers v. Wittek Indus.,* 4 F.3d 291, 296–98 (4th Cir.1993). The issue before the court, however, was whether or not a plan beneficiary's claim constituted a claim for benefits under an ERISA plan, thus being preempted. Consequently, the court's passing reference to *Berry* and its conclusion that a jury trial on a state law claim was improper was merely incidental to the court's analytical focus. More importantly, the *Biggers* court neither addressed the impact of *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) on *Berry* nor conducted a Seventh Amendment analysis. *See supra* (discussing *Firestone* and constitutional requirements).

rors." *Id.* at 1006–07. The court, in support of its holding, noted in summation that ERISA actions are generally held to be equitable in nature and, thus, appropriately tried to the court. *Id.* at 1007 (*citing, inter alia,* Restatement (Second) of Trusts §§ 197, 98).

Despite a contrary holding, the Court does not feel confined by *Berry. Accord Vaughn,* 871 F.Supp. at 248–49, 1994 WL 711838 at *3–4. *Contra Quesinberry,* 737 F.Supp. at 38 (adhering to *Berry* ). To begin, *Berry* was decided prior to *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Firestone,* the Supreme Court held that a § 1132(a)(1)(B) challenge to a denial of benefits must, absent discretion in the trustee or fiduciary to determine benefits eligibility, be reviewed *de novo. Id.* at 115, 109 S.Ct. at 956. In short, the Supreme Court determined that "[a]ctions challenging an employer's denial of benefits before the enactment of ERISA were governed by principles of contract law" and, consequently, that *de novo* review was generally more appropriate because the arbitrary and capricious standard "afforded less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted." *Id.* at 113–14, 109 S.Ct. at 955–56.[5]

Thus, the continued validity of *Berry* has been called into question by the Supreme Court in *Firestone.* Moreover, the Court notes that *Berry* is also limited because the court, for whatever reason, did not conduct a Seventh Amendment analysis to determine whether or not there is a *constitutional* right to a jury trial in § 1132(a)(1)(B) actions. Given the Supreme Court's recent emphasis on such analysis, *see Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990), the Court concludes that it is bound to determine the constitutional requirements of an action under § 1132(a)(1)(B). Consequently, the Court does not consider *Berry* to be controlling in the instant matter. *Accord Vaughn,* 871 F.Supp. at 248–49, 1994 WL 711838 at *3–4.

### B. Constitutional analysis

The Seventh Amendment provides that "[i]n Suits at Common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The right to jury trial exists, and will be "carefully preserved," where legal rights are at issue.

---

5. Defendants note that they have the sole discretion to determine benefits eligibility under the instant plan; thus, they argue that, despite *Firestone, Berry* controls and absolutely proscribes a jury trial in the instant matter. The Court disagrees. To begin, the *Berry* court did not examine the constitutional requirements of § 1132(a)(1)(B) actions. *See supra.* Moreover, the Court finds the reasoning of the court in *Sullivan v. LTV Aerospace & Defense Co.,* 850 F.Supp. 202 (W.D.N.Y.1994), to be most cogent. Specifically, *Sullivan* addressed the *Firestone* conclusion that the arbitrary and capricious standard continues to apply where the plan administrator possessed the discretion to determine benefits eligibility vis a vis the right to trial by jury. The court concluded that Congress did not intend that, in light of ERISA's goals, "a plaintiff's right to a jury trial would hinge upon whether the plaintiff's employer chose to give interpretive authority to the plan administrator." 850 F.Supp. at 210. The *Sullivan* court continued,

ERISA was enacted to afford more protection to employees and their beneficiaries than existed under prior law and "to protect contractually defined benefits," *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985). The Congressional Committee reports reflect these objectives: "The intent of the Committee is to

provide the full range of legal and equitable remedies available in both state and federal courts to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law *for recovery of benefits due to participants."* H.R.Rep. No. 533, 93d Cong., 2d Sess. 17 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4655; S.Rep. No. 127, 93d Cong., 2d Sess. 1, 35 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4383, 4871 (emphasis added). Whereas claims for benefits were ordinarily considered actions at law triable to a jury prior to the enactment of ERISA, it appears unlikely that Congress would have intended that important right to be extinguished by ERISA, in view of the statutory objectives discussed above.

850 F.Supp. at 210. These observations are particularly appropriate where Seventh Amendment considerations are at issue—surely, the *constitutional* right to trial by jury does not "hinge upon whether the plaintiff's employer chose to give interpretive authority to the plan administrator." 850 F.Supp. at 210. Moreover, it is clear that the *overall* goal of *Firestone* was to return to plan participants the pre-ERISA protection afforded them under contract law principles, *see* 489 U.S. at 113–14, 109 S.Ct. at 955–56, and there can be no doubt that a trial by jury was part of that original pre-ERISA scheme.

*Terry,* 494 U.S. at 565, 110 S.Ct. at 1344 (citations omitted). In determining whether or not a particular action will involve a determination of legal rights, a court must "examine both the nature of the issues involved and the remedy sought," with the second inquiry being the more important. *Id.* (citations omitted). Furthermore, the right to trial by jury is not generally dependent upon whether or not "the issues are typical grist for the jury's judgment." *Id.* at 565 n. 4, 110 S.Ct. at 1345 n. 4.

## 1. Nature of the issue to be tried

It is true that trust law principles pervade ERISA and that ERISA challenges, especially those involving breach of fiduciary duties, are often equitable in nature. *See Terry,* 494 U.S. at 567, 110 S.Ct. at 1345; *Firestone,* 489 U.S. 101, 110, 109 S.Ct. 948, 954. Actions by individual beneficiaries to recover benefits, however, stand on a different footing.

■■■ "The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase 'Suits at common law' refers to 'suits in which *legal* rights [are] to be ascertained and determined.'" *Terry,* 494 U.S. at 564, 110 S.Ct. at 1344 (citations omitted). Where legal rights are involved, the Supreme Court has "carefully preserved the right to a trial by jury." *Id.* at 565, 110 S.Ct. at 1345. Unlike actions for breach of fiduciary duty, a suit to recover what is due and owing under a benefits plan is, in reality, an action at law to recover a purported legal entitlement. *See Firestone,* 489 U.S. at 113, 109 S.Ct. at 955 (pre-ERISA suits to recover benefits under a health plan were contractual in nature). Furthermore, there is little doubt that the "closest eighteenth century analogue [to a such a claim] would be a claim for breach of contract." *Sullivan,* 850 F.Supp. at 214 (citations omitted); *cf. Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (statutory fraudulent transfer action by bankruptcy trustee seeking monetary damages was analogous to 18th–century common law fraudulent conveyance actions; thus, parties entitled to jury trial).

■■■ In the instant matter, Plaintiff avers that Defendants failed to perform under the plan contract, and that their breach resulted in a denial of benefits due and owing to Plaintiff. Such an action plainly sounds in contract and will undoubtedly involve factual issues regarding the interpretation of contractual ambiguities and the intention of the parties—quintessential jury issues. *Sullivan,* 850 F.Supp. at 214. Consequently, the Court determines that the nature of the issue to be tried in the instant matter is inherently legal.

## 2. Nature of the remedy sought

■■■ As for the second *Terry* inquiry, the mere existence of a claim for monetary redress in no way compels an automatic determination that Plaintiff's action is "legal." *Terry,* 494 U.S. at 570, 110 S.Ct. at 1347. To the contrary, the Court is bound to examine the *nature* of the relief sought by Plaintiff. *Id.* at 565, 110 S.Ct. at 1344.

■■■ In the case at bar, Plaintiff seeks one thing—$11,000.00 in benefits he alleges are due and owing under the ERISA plan contract, plus any related costs and attorneys' fees. The basis of his complaint is Defendants' alleged failure to perform under such contract. While such a claim must be brought under § 1132(a)(1)(B), this statutory enforcement provision essentially provides a plaintiff "a retrospective remedy similar to compensatory damages and is thus legal in nature." Note, *The Right to Jury Trial in Enforcement Actions under Section 502(a)(1)(B) of ERISA,* 96 Harv.L.Rev. 737, 752 (1983); *Sullivan,* 850 F.Supp. at 215 (*quoting* Note, *supra* ); *see Terry,* 494 U.S. at 558, 110 S.Ct. at 1341 (LMRA action to recover benefits under collective bargaining agreement is an action for compensatory damages and, thus, legal in nature); *cf. Mertens v. Hewitt Assoc.,* 508 U.S. 248, 113 S.Ct. 2063, 2068, 124 L.Ed.2d 161 (1993) (action under ERISA to recover losses incurred by plan equates to an action for compensatory damages, "the classic form of legal relief"). In short, Plaintiff seeks nothing but compensatory damages as the $11,000.00 in monetary redress is plainly designed to "compensate him for the injury sustained, and nothing more." Blacks Law Dictionary 390 (6th ed. 1990). Indeed, the amount set forth in the motion for judgment is a sum certain equal to what Plaintiff presumably would have been paid under the contract

absent Defendants' alleged breach. There is, quite simply, nothing "equitable" about this type of relief. *McDonald,* 774 F.Supp. at 35 (citation omitted). Consequently, the Court determines that Plaintiffs action to recover benefits under the subject plan are legal in nature.

■ On this basis, the Court determines that both the nature of the issues encompassed by Plaintiff's claims and the overall nature of the relief sought are legal in nature. Accordingly, the Court concludes that Plaintiff is constitutionally entitled to trial by jury on any claim raised under § 1132(a)(1)(B) and will deny Defendants' motion to strike Plaintiff's jury demand.

An appropriate Order shall issue.