The **COLONIAL WILLIAMSBURG FOUNDATION, et al.,**
Plaintiffs,

v.

**BLUE CROSS AND BLUE SHIELD OF VIRGINIA, et al., Defendants.**

Civ. A. No. 3:95cv420.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 20, 1995.

Virginia W. Powell, Michael R. Shebelskie, Hunton & Williams, Richmond, Virginia, for plaintiffs.

James P. McElligott, Jr., Gilbert E. Schill, R. Gordon Smith, Thomas J. Stallings, McGuire, Woods, Battle & Boothe, Richmond, Virginia, Jeanette D. Rogers, Paul H. Anderson, Amy T. Holt, Blue Cross & Blue Shield of Virginia, Legal Department, Richmond, Virginia, John J. Jacobsen, Jr., Charles B. Wolf, Vadder, Price, Kaufman, Kammholz, Chicago, Illinois, for defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

The defendants, Blue Cross and Blue Shield of Virginia and Healthkeepers, Inc. (collectively "Trigon"), have moved to strike the demand for a jury trial filed by the plaintiffs, The Colonial Williamsburg Foundation and Colonial Williamsburg Hotel Properties, Inc. (collectively "CWF"). For the reasons set forth below, the motion to strike is granted.

## BACKGROUND

The claims asserted in this action are based solely on the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). Specifically, CWF claims that Trigon: breached the terms of the "Colonial Williamsburg Plan" by failing to afford the members of the plan credit for discounts given to Trigon by health care providers (Count I); violated fiduciary duties owing to CWF under 29 U.S.C. §§ 1104, 1106 & 1109 by unlawfully retaining those discounts which should have been credited to CWF's account (Count II); engaged in prohibited transactions under 29 U.S.C. § 1106 (Count III); and failed to comply with ERISA's provisions under 29 U.S.C. § 1023 (Count IV). Counts I through IV of the Complaint are directed against Blue

Cross and Blue Shield of Virginia. Count V realleges Counts I through IV against Healthkeepers.

CWF is empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3). Section 1132(a)(2) provides that: "[a] civil action may be brought by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." Section 1132(a)(3) provides that: "[a] civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

## DISCUSSION

CWF has demanded trial by jury of all five claims in its Complaint. Trigon has moved to strike the demand for a jury trial for the reasons that neither ERISA nor the Seventh Amendment to the United States Constitution affords such a right on any claim asserted by CWF. In response, CWF argues that its claims under ERISA are properly characterized as legal, rather than equitable, because they are analogous to typical breach of contract claims and the principal remedy sought is monetary damages. According to CWF, a jury trial is appropriate because the Seventh Amendment of the Constitution of the United States guarantees a jury trial for legal claims. CWF also asserts that there is an implicit right to a jury trial under ERISA.

### I. The Asserted Statutory Right

ERISA, of course, does not expressly provide for a right to a trial by jury. The United States Courts of Appeals for the Fifth, Eighth and Eleventh Circuits have held that there is no implied right to a jury trial under ERISA. *Borst v. Chevron Corp.*, 36 F.3d 1308 (5th Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 1699, 131 L.Ed.2d 561 (1995); *Houghton v. SIPCO*, 38 F.3d 953 (8th Cir. 1994); *Blake v. Unionmutual Stock Life Ins. Co. Of America*, 906 F.2d 1525 (11th Cir. 1990).

In *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003 (4th Cir.1985), the Fourth Circuit also held that there is no implied right to a jury trial under ERISA. *Id.* at 1006. The Court of Appeals offered three reasons in support of that result. First, the Court considered that, because the actions of an administrator of plan benefits are to be reviewed under an arbitrary and capricious standard, a jury may not easily understand the presumption of correctness that attaches to that standard, thereby making a jury trial inappropriate. Second, the Court found that ERISA's silence on the issue of a jury trial evidences that Congress "has returned [the question] to the common law of trusts ... [citations omitted] where, as noted, no jury trial obtains." *Id.* at 1007. Finally, the Court held that proceedings to determine rights under employee benefit plans are equitable in character and thus a matter to be resolved by a judge and not by a jury. *Id.*

However, the first of those three reasons— the need to review plan administrator decisions under an arbitrary and capricious standard of review—was eliminated when the Supreme Court of the United States decided *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Firestone*, which did not involve entitlement to a trial by jury, the Supreme Court held that decisions of plan administrators were to be reviewed judicially under the de novo standard of review supplied by trust law, and not under the arbitrary and capricious standard of review developed under the Labor Management Relations Act. *Id.* at 115, 109 S.Ct. at 956–57. That holding, of course, eliminates one of the grounds upon which the Fourth Circuit based its decision in *Berry*.

Nonetheless, it cannot be said that the decision in *Firestone* eviscirates the effect of *Berry*. To the contrary, in *Firestone*, the Supreme Court also explained that "ERISA abounds with the language and terminology of trust law" and held that decisions under ERISA are to be "guided by principles of trust law." *Id.* at 110–11, 109 S.Ct. at 954. In so doing, *Firestone* underscored two of the three lines of reasoning on which *Berry* was decided. Moreover, after *Firestone*, the

Fourth Circuit decided *Biggers v. Wittek Indus.,* 4 F.3d 291 (4th Cir.1993), wherein the Court of Appeals explicitly cited both *Firestone* and *Berry* in a decision which held that the district court erred in submitting a claim made under an employee welfare benefit plan to a jury for resolution.

CWF correctly argues that some courts have relied upon the decision in *Firestone* to support an interpretation of ERISA as implying a right to trial by jury. *See Sullivan v. LTV Aerospace & Defense Co.,* 850 F.Supp. 202, 208–10 (W.D.N.Y.1994); *International Union v. Midland Steel Prods. Co.,* 771 F.Supp. 860, 863 (N.D.Ohio 1991); *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 882, 885–86 (S.D.N.Y.1990); *Paladino v. Taxicab Indus. Pension Fund,* 588 F.Supp. 37, 39–40 (S.D.N.Y.1984). The touchstone of those decisions is the following passage from *Firestone:* "Adopting Firestone's reading of ERISA would require us to impose a standard of review [the arbitrary and capricious standard] that would afford less protection to employees and their beneficiaries than they enjoyed [under trust law] before ERISA was enacted." *Id.,* 489 U.S. at 113–14, 109 S.Ct. at 956. This "no lesser protection" rationale warrants trial by jury, according to those decisions, because trial by jury affords more protection than before ERISA was passed.

The articulation of that rationale in *Sullivan* is typical of its general formulation. There the district court reasoned that:

> *Firestone* marks a significant turning point in the interpretation of ERISA law. The Supreme Court views ERISA claims as analogous to contract actions prior to ERISA. Contract actions are legal in nature. Furthermore, they are generally fact-intensive disputes. In other words, they are quintessential jury issues. If a right to jury existed prior to the passage of ERISA, then to hold that no such right exists under ERISA would 'afford less protection' to employee rights than they had

before the Act was passed—a result the Supreme Court squarely rejected in *Firestone.*

*Sullivan,* 850 F.Supp. at 209 (citing *McDonald v. Artcraft Elect. Supply Co.,* 774 F.Supp. 29, 34 (D.C.1991)). CWF asks that this rationale be applied to afford it a jury trial here.

█ Notwithstanding that the principles enunciated in *Firestone* have provided new fuel for the argument that ERISA impliedly authorizes trial by jury, this court is bound to follow the unaltered line of Fourth Circuit precedent holding that there is no implied right to a jury trial under ERISA. Because the decisions in *Berry* and *Firestone* can be read consistently and because the Fourth Circuit implicitly affirmed the holding of *Berry* in *Biggers v. Wittek Indus.,* 4 F.3d 291, 297–98 (4th Cir.1993), wherein the Fourth Circuit concluded that ERISA claims are generally not triable to a jury, *Berry* remains the controlling law on that subject in this circuit.[1]

## II. The Seventh Amendment Issue

█ However, because neither *Berry* nor *Biggers* explicitly conducted a Seventh Amendment analysis and because of the Supreme Court's recent emphasis on that issue, *see Chauffeurs, Teamsters, & Helpers Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1344–45, 108 L.Ed.2d 519 (1990), the court will turn now to CWF's argument that it is entitled to trial by jury under the Seventh Amendment. The Seventh Amendment provides that: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." In deciding entitlement to a jury trial, the task is, first, to compare the present statutory action to 18th–century actions in the courts of England before the merger of the courts of law and equity and, second, to examine whether the relief sought is legal or equitable in nature. *Id.*

---

1. In *Vaughn v. Owen Steel Co.,* 871 F.Supp. 247 (D.S.C.1994), the district court, apparently of the view that *Firestone* had vitiated *Berry* completely, concluded that neither *Berry* nor *Biggers* was controlling in this circuit. For the reasons discussed in the text of this opinion, the court cannot follow the lead of *Vaughn.* Furthermore, the *Vaughn* decision did not indicate under what subsection of § 502 the plaintiff was proceeding. Consequently, the analysis in *Vaughn* does not provide useful instruction respecting the issues presented by CWF's claims.

## A. Counts II through V

### 1. The Nature of the Action

Counts II through V are prosecuted pursuant to 29 U.S.C. § 1132(a)(2) and § 1132(a)(3) by CWF in its capacity as a fiduciary of the Colonial Williamsburg Plan.[2] All of the violations of these statutory provisions alleged by CWF implicate fiduciary duties and trust law principles which traditionally have been resolved in suits in equity.[3] A trustee's breach of a fiduciary duty was within the exclusive jurisdiction of courts of equity at common law. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 254–55, 113 S.Ct. 2063, 2068, 124 L.Ed.2d 161 (1993); *see generally* 2 J. Story, *Commentaries on Equity Jurisprudence* §§ 1300–1712 (14th ed.). A resolution of CWF's claims necessarily will involve determining whether there has been a breach of the fiduciary duties owed to CWF by Trigon. Accordingly, Counts II through V are most closely analogous to a suit at equity under the common law to be resolved by the substantive law of trusts.[4]

### 2. The Nature of the Remedies Sought

■ The second part of the *Terry* analysis requires the court to consider the nature of the remedy sought by the plaintiff. The relief sought by CWF is: (i) the restitution of certain provider discounts allegedly withheld by Trigon; (ii) the rendering of an accounting; and (iii) the entry of declaratory judgments. The fact that CWF is seeking pecuniary redress for its loss does not necessitate a determination that the action is legal in nature. *Terry*, 494 U.S. at 570, 110 S.Ct. at 1347–48. Indeed, *"[w]here a prayer for*

monetary relief actually seeks restitution or is 'intertwined' with equitable remedies, the nature of the relief is generally equitable." *Broadnax Mills*, 876 F.Supp. at 817. (emphasis added) As long as a "substantial portion" of the damages sought by a plaintiff are restitutionary and the plaintiff seeks other "pure" forms of equitable relief, such as an accounting or a declaratory judgment, the overall relief sought should be characterized as equitable. *See Broadnax Mills*, 876 F.Supp. at 816–17.

Here, the entirety of the damages sought are restitutionary. Consequently, CWF is not entitled to a trial by jury in Counts II through IV against Blue Cross or in the corresponding allegations against Healthkeepers in Count V.

## B. Count I

■ CWF urges that the decision in *Hulcher v. United Behavioral Sys., Inc.*, —— F.Supp. —— [1995 WL 804576] (E.D.Va. 1995), controls whether Count I of the CWF Complaint, which asserts a claim not considered in *Broadnax Mills*, is triable by jury. In Count I, CWF seeks "monetary damages . . . for the sums it was entitled to receive under the plan documents, but was improperly denied" for the failure of the defendants to "comply with the terms of the plan documents for the CWF plan." CWF argues that this count is analogous to the plaintiff's claim in *Hulcher* because the issue is the "plaintiff's entitlement to sums under the plan."

---

2. Although § 1132(a)(2) and § 1132(a)(3) authorize suits by non-fiduciaries, i.e. a plan participant or beneficiary may bring suits under these provisions, that case is not before the court because CWF is asserting its rights as a fiduciary.

3. CWF has alleged that Trigon violated duties owing to it under 29 U.S.C. §§ 1104, 1106, and 1109, that it has engaged in transactions prohibited to it under 29 U.S.C. § 1106, and that it has failed to comply with the reporting requirements imposed by 29 U.S.C. § 1023.

4. In *Broadnax Mills v. Blue Cross and Blue Shield of Virginia*, 876 F.Supp. 809 (E.D.Va. 1995), the plaintiff sought monetary recovery for plan losses, disgorgement of plan assets and any related profits, and various forms of equitable relief under §§ 1132(a)(2) and 1132(a)(3). The

court found that the nature of a claims brought under § 1132(a)(2) are "inherently equitable." The court stated:

> [i]n actions under § 1132(a)(2), any entitlement of monetary relief necessarily turns upon whether or not the fiduciary has breached its ERISA duties, thus, any relief sought is necessarily intertwined with the equitable process of resolving the ultimate issue—whether or not there has been a breach of fiduciary duties.

*Id.* at 816. The court did not have occasion to consider the nature of a claim brought under § 1132(a)(3) because both the plaintiff and the court recognized that any remedies sought under that statute were equitable in nature and thus not ripe for consideration by a jury. *Id.*

In *Hulcher*, the court held that a jury trial was permitted under Section 1132(a)(1)(B) [5] for a participant's benefit claim under ERISA. The court reasoned that, although the claim arose under ERISA, which traditionally has been interpreted not to provide a jury trial, both the nature of the issue to be tried and the nature of the remedy sought were most closely analogous to an action in contract. The court distinguished actions brought by individual beneficiaries to recover benefits from actions brought to remedy a breach of a fiduciary duty finding that "a suit to recover what is due and owing under a benefits plan is, in reality, an action at law to recover a purported legal entitlement." *Id.* at ——. For that reason, the court held that Section 1132(a)(1)(B) essentially provides "a retrospective remedy similar to compensatory damages and is thus legal in nature" *Id.* at —— (citations omitted) and granted the plaintiff's demand for trial by jury. *Hulcher*, however, does not control here.

### 1. The Nature of the Claim

In *Hulcher*, the plaintiff proceeded under Section 1132(a)(1)(B) alleging that the defendants had failed to perform under the plan contract, which resulted in a denial of benefits owing to the plaintiff. Here, Count I is brought pursuant to Section 1132(a)(3) because, unlike the plaintiff in *Hulcher*, CWF is a plan fiduciary rather than a beneficiary. However, as in *Hulcher*, Count I seeks recovery of a sum based upon the interpretation of the plan contract. Also, as in *Hulcher*, the finder of fact necessarily was required to engage in traditional methods of contract interpretation. Finally, here too, consideration of the merits of the claim does not require consideration of fiduciary principles. Hence, the issue sounds in contract and thus the first facet of the *Terry* analysis weighs in CWF's favor. However, there is a key distinction between the claim in *Hulcher* and CWF's claim in Count I.

### 2. Nature of the Relief Sought

In *Hulcher*, the only remedy sought was payment of $11,000 in benefits alleged to be due and owing under the ERISA plan con-

tract. Here, CWF seeks purely equitable remedies such as restitution, several declaratory judgments, and an accounting. In considering whether a particular action resolves legal rights, the second inquiry, the nature of the remedy sought, is the "more important" in the analysis. *See Terry*, 494 U.S. at 567, 110 S.Ct. at 1346 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1988)). Here, the determinative factor—the nature of the remedy—is restitution, and the equitable nature of that relief outweighs the fact that the issues encompassed by Count I are contractual in nature. Therefore, under settled constitutional principles, the Seventh Amendment does not afford CWF the jury trial it seeks on any count in its Complaint.

### CONCLUSION

For the foregoing reasons, the defendants' Motion to Strike the plaintiffs' demand for trial by jury is granted.

The Clerk is directed to send a copy of this Memorandum to all counsel of record.

It is so ORDERED.

---

5. Section 1132(a)(1)(B) provides: "A civil action my be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."