**Ellen V. ELLIS, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Civil Action No. 2:95 CV 1003.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 1, 1996.

John B. Mann, Levit & Mann, Richmond, VA, for plaintiff.

Gerard Joseph Roerty, Jr., Mays & Valentine, Richmond, VA, David Edward Constine, III, Mays & Valentine, Richmond, VA, for Metropolitan Life Insurance Company.

## OPINION AND ORDER

DOUMAR, District Judge.

The question presented on this motion is whether the plaintiff is entitled to a jury trial in this action under various provisions of the Employee Retirement Income Security Act of 1974. For the reasons that follow, the Court holds that she is not. The defendant's motion to strike the jury demand will be **GRANTED.**

### I. Factual and Procedural Background

Ellen Ellis ("Ellis") is a former employee of NationsBank, and most recently served a vice president and branch manager for the bank. She was placed on disability on or about March 4, 1993; her employment terminated on April 3, 1995. Through her employment with NationsBank, she participated in an employee disability plan. The plan is an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* When she was determined to be disabled, she received disability benefits under the Plan through the insurer, Metropolitan Life Insurance Company ("Metropolitan"). These payments continued until she was notified by Metropolitan on December 9, 1993 that she was not entitled to disability benefits effective December 31, 1993.

She subsequently filed this action against NationsBank as the Plan Administrator. On motion of plaintiff, the parties agreed to substitute Metropolitan as the defendant.

Ellis' Complaint contains three counts. She alleges that (1) defendant failed to provide her with a specific reason for the denial of benefits, in violation of 29 U.S.C. § 1133; (2) defendant failed to provide her with an opportunity for a full and fair review of her claim, again in violation of 29 U.S.C. § 1133; and (3) the decision of defendant violated the terms of the plan, was arbitrary and capricious, and not in good faith.

Ellis seeks (1) an order that defendant pay her all disability benefits accrued and unpaid to the date of a judgment; (2) an order that defendant designate the plaintiff as an eligible participant under the plan and pay her accordingly so long as she qualifies; and (3) attorney's fees. She demanded a jury, and, in the alternative, an advisory jury.

On January 26, 1996, defendant moved to strike the jury demand, contending that jury trials are not permitted in ERISA actions in

this Circuit. Plaintiff did not respond to the motion.

## II. Discussion

At the outset, it is worth emphasizing that plaintiff has failed to follow Rule 10(E)(1) of the Local Rules of this Court,[1] which requires parties to submit briefs in opposition to all motions within eleven days after service of the motion. Defendant complied with the service requirements. Moreover, the Clerk of the Court informed counsel by letter dated February 13, 1996 that the matter had been referred to the undersigned for a decision. On March 27, 1996, the defendant submitted a proposed order which plaintiff's counsel signed under the heading "Seen and Objected To:" Thus, plaintiff still contests the legal position urged by plaintiff, although the Court does not have the benefit of argument from her.

■ In any event, the law of this Circuit is clear that jury trials are not generally permitted in ERISA actions. *Berry v. Ciba-Geigy Corp.,* 761 F.2d 1003, 1007 (4th Cir. 1985). That case, as here, involved a denial of disability benefits under an ERISA plan. The Court stated that although ERISA itself was silent on the right to a jury, Congress' silence indicated that ERISA actions were, in essence, proceedings under the common law of trusts, where no jury obtained. *Id.*

The Court reaffirmed *Berry* in *Biggers v. Wittek Industries, Inc.,* 4 F.3d 291, 297–98 (4th Cir.1993). There, the court reversed a judgment awarded by a jury, applying Illinois law, which had found the defendant in breach of contract. The Fourth Circuit concluded that his claim was really an ERISA claim for failure to comply with an employee benefit plan. The primary issue in the case involved whether there was a meeting of the minds between the parties. The Court reversed for a new trial before a judge under ERISA. *Id.* at 298.

Several circuit courts adhere to the rule adopted by the Fourth Circuit. *E.g., Spinelli v. Gaughan,* 12 F.3d 853, 857 (9th Cir. 1993); *Blake v. Unionmutual Stock Life Ins.*

*Co.,* 906 F.2d 1525, 1526 (11th Cir.1990); *Cox v. Keystone Carbon Co.,* 894 F.2d 647, 650 (3d Cir.1990). The large majority of district courts in this circuit also continue to hold that a jury trial is not permitted in most ERISA contexts. *Colonial Williamsburg Found. v. Blue Cross & Blue Shield,* 909 F.Supp. 386, 390–91 (E.D.Va.1995); *Broadnax Mills v. Blue Cross & Blue Shield,* 876 F.Supp. 809, 816–17 (E.D.Va.1995); *Farrie v. Charles Town Races, Inc.,* 901 F.Supp. 1101, 1106–07 (N.D.W.Va.1995); *Abels v. Kaiser Aluminum & Chemical Corp.,* 803 F.Supp. 1151, 1153–54 (S.D.W.Va.1992); *Quesinberry v. Individual Banking Group. Acc. Ins.,* 737 F.Supp. 38, 41 (W.D.Va.1990); *Wise v. Dallas & Mavis Forwarding Co.,* 751 F.Supp. 90, 92 (W.D.N.C.1990).

Despite this weight of authority, at least one court in this district has held that actions arising under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), may be tried before a jury if they involve issues that are legal in nature. *Hulcher v. United Behavioral Systems, Inc.,* 919 F.Supp. 879 (E.D.Va. 1995). In *Hulcher,* Judge Merhige concluded that intervening Supreme Court cases call into question the continued vitality of *Berry.*

In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court held that actions under Section 502(a)(1)(B) should be reviewed *de novo* (rather than under an arbitrary and capricious standard) unless the benefit plan gives the administrator discretion to determine eligibility for benefits. 489 U.S. at 115, 109 S.Ct. at 956–57. Thus, *Firestone* cast in doubt one basis for the *Berry* court holding, which had stated that the "arbitrary and capricious" standard was "second-nature" to a judge, but "not readily communicated to jurors." *Berry,* 761 F.2d at 1006–07. But that was not the sole basis of the *Berry* holding. As noted above, the *Berry* court made clear that Congressional silence in ERISA as to the right to a jury led to an inference that ERISA was governed by the common law of trusts, and that the deter-

---

1. The Local Rules were amended February 1, 1996. On the date that Metropolitan made its

motion to strike (January 26), the same rule was found at Rule 11(F).

mination of rights under employee benefit plans are "equitable in character and thus a matter for a judge, not a jury." *Id.* at 1007.

The *Hulcher* court also found significance in the failure of the *Berry* court to engage in an analysis as to whether there was a right to a jury trial under the Seventh Amendment, given the Supreme Court's recent emphasis on that right. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). *Hulcher* failed to note, however, that *Biggers,* which followed the foregoing line of cases, also did not undertake a Seventh Amendment analysis; its silence would indicate that courts need not do so in the ERISA cases, and suggests that the *Berry* holding that ERISA cases are a matter for judges (not juries) remains good law. Indeed, *Biggers* might appear, at first blush, to be a strong candidate for a Seventh Amendment inquiry, because it presented what could be considered a legal issue. The question of receiving benefits from a fund administered by a fiduciary, however, has always been, and continues to be, a matter traditionally answerable in a court of chancery.

■ In the case at bar, plaintiff seeks benefits due under Section 502(a)(1)(B) of ERISA. That provision permits a plan participant to bring a civil action "to recover benefits due ... under the terms of [the] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Arguably, the recovery of "benefits due" may appear to sound in contract, and could therefore be construed to be a legal issue (as the *Hulcher* court did)—but only if one ignores the traditional chancery jurisdiction.

Close reading of both *Firestone* and *Biggers* confirms the weakness of the *Hulcher* court's position. As *Firestone* made clear, ERISA "abounds with the language and terminology of trust law." 489 U.S. at 110, 109 S.Ct. at 954. The specific holding in *Firestone* was that a challenge to a denial of benefits under Section 502(a)(1)(B) required *de novo* review (unless the administrator had discretion to determine eligibility). In so stating, the Court made plain that its holding regarding that section was guided by "established principles of trust law." *Id.* at 115, 109 S.Ct. at 956. It follows that the question of "who decides" (judge or jury) under Section 502(a)(1)(B) should also be guided by such principles.

*Biggers* involved essentially the same issue presented here: a denial of benefits to an individual employee under the employee benefit plan. The district court in *Biggers* had examined the question under state law contract principles, without considering that trusts were traditionally a matter for the chancery, not the law courts. But because the action itself stated a claim under ERISA, the Fourth Circuit stated, in no uncertain terms, that it required a bench trial. 4 F.3d at 298.

Consequently, had the plaintiff argued that the Seventh Amendment entitled her to a jury—which she did not, because she presented no argument—the analysis under *Terry* principles would be simple and straightforward: both the nature of the claim and the nature of the remedy are equitable.

### III. Conclusion

The Court **HOLDS** that Ellis has no right to a jury trial in this action. Accordingly, Metropolitan's motion to strike the jury demand is **GRANTED**.

The Clerk of the Court is **DIRECTED** to forward copies of this order to counsel for the parties.

**IT IS SO ORDERED.**