**Jerry C. ALLISON, Sr., Plaintiff,**

v.

**CONTINENTAL CASUALTY INSURANCE COMPANY, Defendant.**

**Civil Action No. 3:96CV282.**

United States District Court, E.D. Virginia, Richmond Division.

June 13, 1996.

David Lewis Epperly, Jr., Epperly, Follis & Schork, Richmond, VA, for plaintiff.

Robert Barnes Delano, Jr., Sands, Anderson, Marks & Miller, Richmond, VA, for defendant.

### MEMORANDUM OPINION AND ORDER

SPENCER, District Judge:

THIS MATTER is before the Court on defendant Continental Casualty Company's ("Continental") motion to dismiss plaintiff's request for a trial by jury, request for attorney's fees, and claim of bad faith. For the reasons stated herein, the Court will GRANT Continental's motion.

### STATEMENT OF THE CASE

This case involves a claim for benefits under a group long-term disability benefits policy that Continental issued to plaintiff Jerry Allison's employer, the Arundel Corporation ("Arundel"). The Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") governs the policy. In his complaint, Allison alleges that on July 31, 1991, he was injured while employed with Arundel. After Allison's employment was terminated on September 19, 1991, Continental denied his claim for long-term disability benefits. Allison contends that Continental's denial constituted a breach of contract and, furthermore, Continental acted in bad faith.

As a result, Allison requests attorney's fees and costs in addition to damages and demands a jury trial.

Continental, in turn, has filed a motion to dismiss the requests for attorney's fees and for a trial by jury as well as the tort claim of bad faith on the ground that ERISA preempts these relief requests.

## ANALYSIS

### A. Plaintiff's Right to a Jury Trial Under ERISA

■ ERISA is a comprehensive regulatory scheme that preempts many state laws and Continental therefore avers that there is no implied right to a jury trial under the statute. For this proposition, the company cites *Colonial Williamsburg Found. v. Blue Cross & Blue Shield,* 909 F.Supp. 386 (E.D.Va. 1995). In *Colonial,* the defendant moved to strike plaintiff's demand for a jury trial. The Court noted that the Fourth Circuit had previously held there was no right to a jury trial in *Berry v. Ciba–Geigy Corp,* 761 F.2d 1003 (4th Cir.1985). Among other reasons, in *Berry,* the Fourth Circuit had concluded that, because the actions of an administrator of plan benefits are to be reviewed under an arbitrary and capricious standard, a jury may not easily understand the presumption of correctness that attaches to the standard. *Berry,* 761 F.2d at 1007. Therefore, jury trials are not appropriate in ERISA cases.

However, this reasoning was eviscerated in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Firestone,* the Supreme Court held that decisions of plan administrators were to be reviewed judicially under the *de novo* standard of review supplied by trust law, not by the arbitrary and capricious standard of review. In other words, *Firestone —* which did *not* involve entitlement to a trial by jury—eliminated the need to review plan administrator decisions under the often confusing arbitrary and capricious standard.

Some courts have used the *Firestone* ruling to find that ERISA implies a right to trial by jury. *See, e.g., Sullivan v. LTV Aerospace & Defense Co.,* 850 F.Supp. 202 (W.D.N.Y.1994). Nonetheless, in *Colonial,*

the Court refused to make such an interpretation because the decision in *Firestone* did not completely eviscerate *Berry*'s effect. *Colonial,* 909 F.Supp. at 389. Additionally, in the years since *Firestone,* the Fourth Circuit has decided *Biggers v. Wittek Industries, Inc.,* 4 F.3d 291 (4th Cir.1993), wherein the court, citing *Berry* and *Firestone,* held that the district court had erred in submitting a claim made under an ERISA benefit plan to a jury for resolution.

The inquiry does not end here, however. Allison, like the plaintiff in *Colonial,* avers that the decision in *Hulcher v. United Behavioral Systems, Inc.,* 919 F.Supp. 879 (E.D.Va.1995), controls whether a claim for monetary damages is triable by jury. Conducting a Seventh Amendment analysis, the *Hulcher* Court held that a jury trial is permitted under 29 U.S.C. § 1132(a)(1)(B) for a participant's benefit claim under ERISA. The Court reasoned that, although the claim arose under ERISA, both the nature of the issue to be tried and the nature of the remedy sought were most closely analogous to an action in contract. *Id.* In so doing, the *Hulcher* Court distinguished among actions brought by individual beneficiaries to recover benefits from those actions brought to remedy a breach of a fiduciary duty, finding that a suit to recover entitlements under a benefits plan is an action at law. *Id.*

Conducting a similar Seventh Amendment analysis, the *Colonial* Court distinguished *Hulcher* from *Colonial* on the ground that, in *Hulcher,* the only remedy sought was payment of benefits due and owing under the ERISA plan contract. In *Colonial,* on the other hand, the fiduciary sought purely equitable remedies. *Colonial,* 909 F.Supp. at 390–91. In considering whether a particular action resolves legal rights, the nature of the remedy sought is the most important to the analysis. *Id.* (citing *Chauffeurs, Teamsters, & Helpers Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)).

Here, Allison seeks monetary damages, not simple restitution, because the complaint alleges that he continues to suffer damages as a result of Continental's breach. Therefore, even under the *Hulcher* Court's reason-

ing, Allison's demand for a jury trial must fail.

Moreover, there is some question as to whether a court even must conduct a Seventh Amendment analysis to determine whether a jury trial is warranted in ERISA cases. In *Ellis v. Metropolitan Life Insurance Co.*, 919 F.Supp. 936 (E.D.Va.1996), the Court suggests that the Supreme Court's ruling in *Firestone* did not eviscerate *Berry*'s holding at all. Indeed, as noted above, *Firestone* eliminated only one of the analytical underpinnings of the *Berry* court's holding.

The *Ellis* Court, disagreeing with the *Hulcher* Court's analysis, noted the Fourth Circuit had made it clear that Congressional silence in ERISA as to the right to a jury trial leads to an inference that ERISA is governed by the common law of trusts, and that the determination of rights under employee benefit plans are " 'equitable in character and thus a matter for a judge, not a jury.'" *Id.* (quoting *Berry,* 761 F.2d at 1007). In fact, if a Seventh Amendment analysis was necessary, the Fourth Circuit would have performed one in *Biggers,* which came after *Firestone.* As such, by implication, the Fourth Circuit has reaffirmed the notion that jury trials are not permitted in ERISA cases.

Therefore, under the reasoning in any of these cases, Allison's demand for a trial by jury is inappropriate and the Court hereby STRIKES the demand.

### B. Plaintiff's Request for Attorney's Fees

■ Allison also requests an award of attorney's fees under Va.Code § 38.2–209, which permits recovery of attorney's fees against insurers in those cases where a court determines the insurer failed to act in good faith. In response, Continental urges correctly that ERISA preempts such awards when a state statute provides for them. Although there are no ERISA cases dealing with this particular code section, the Fourth Circuit has held that ERISA preempts Virginia's Unfair Trade Practice Act, which regulates trade practices in the business of insurance. *Powell v. Chesapeake & Potomac Telephone Co.,* 780 F.2d 419, 422–24 (4th Cir.1985), *cert. denied* 476 U.S. 1170, 106

S.Ct. 2892, 90 L.Ed.2d 980 (1986) (State law claims which relate to the administration of an ERISA-governed plan, but which arise under general state laws which themselves have no impact on employee benefits plans are preempted by ERISA.).

In response, Allison seems to accept the fact that he is not permitted to recover attorney's fees under the Virginia Code because ERISA preempts the law. Allison alternatively notes that the civil enforcement provisions of ERISA permit a court to award reasonable attorney's fees and costs in an action brought by a plan beneficiary such as himself. 29 U.S.C. 1132(g). This reality notwithstanding, the reference to the Virginia Code in the complaint must be stricken and DISMISSED.

### C. Tort Claim of Bad Faith

■ Put simply, it is well settled that common law claims which relate to employee benefits plans consistently have been held to be preempted by ERISA. It follows that the common law claim of bad faith is preempted as well. Indeed, Allison did not even respond to Continental's arguments with respect to this issue, presumably because he knows now that the claim must be DISMISSED.

### CONCLUSION

For the reasons stated herein, the Court will GRANT Continental's motion and DISMISS Allison's jury trial demand, request for attorney's fees, and claim of bad faith.

It is SO ORDERED.